843 So.2d 734 (2003)
Frederick W. NOBLES, Jr. a/k/a Freddie Nobles, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-CA-00734-COA.
Court of Appeals of Mississippi.
January 7, 2003.
Certiorari Denied April 17, 2003.
Nathan Henry Elmore, Jackson, attorney for appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
EN BANC.

ON MOTION FOR REHEARING
MYERS, J., for the court.
¶ 1. The motion for rehearing is granted as the case was improvidently dismissed.
¶ 2. Frederick W. Nobles was indicted as a habitual offender for armed robbery and *735 aggravated assault by the Coahoma County Circuit Court. He pled guilty on both counts and received concurrent sentences of thirty and twenty years, respectively. He has filed two motions with the trial court for post-conviction relief. Both of these motions were denied. Nobles appeals to this Court, asking us to decide the following issues:
I. WHETHER NOBLES' CLAIMS ARE PROCEDURALLY BARRED.
II. WHETHER NOBLES' TRIAL COUNSEL WAS INEFFECTIVE SINCE COUNSEL DID NOT OBJECT TO THE HABITUAL OFFENDER PORTION OF THE INDICTMENT.
III. WHETHER NOBLES' GUILTY PLEA WAS ENTERED KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY.

Statement of the Facts
¶ 3. Nobles was indicted for armed robbery and aggravated assault as a habitual offender in 1984. He pled guilty to this indictment.
¶ 4. Nobles then petitioned the Mississippi Supreme Court for permission to file for post-conviction relief in the Coahoma County Circuit Court. The supreme court denied Nobles' application in a memorandum order. Ever persistent, Nobles continued his quest for post-conviction relief by filing a petition with the Coahoma County Circuit Court. The court denied this petition. Nobles appealed this denial.

Legal Analysis
¶ 5. We find that Nobles' appeal is procedurally barred. He raised the same three issues he raises now with the supreme court in 1997. The supreme court denied his application for post-conviction relief. Miss.Code Ann. § 99-39-27(9) (Rev.2000) states, "The dismissal or denial of an application under this section is a final judgment and shall be a bar to a second or successive application under this chapter." Therefore, the supreme court's 1997 ruling acts as res judicata and bars us from hearing this appeal.
¶ 6. Additionally and alternatively, this appeal is time barred. Nobles pled guilty on January 22, 1985. He had three years from the entry of his judgment of conviction to seek post-conviction relief. Miss. Code Ann. § 99-39-5(2) (Rev.2000). Nobles failed to do so within that limit.
¶ 7. THE APPEAL OF THE JUDGMENT OF THE COAHOMA COUNTY CIRCUIT COURT DISMISSING THE MOTION TO VACATE CONVICTION IS DISMISSED WITH PREJUDICE. ALL COSTS OF THE APPEAL ARE ASSESSED TO COAHOMA COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, AND CHANDLER, JJ., CONCUR. GRIFFIS, J., NOT PARTICIPATING.