MYERS, J.,
for the Court.
¶ 1. Eric Laquinne Brown, pro se, appeals from an order entered in the Circuit Court of Pontotoc County, dismissing his motion for post-conviction relief. Brown raises diverse and sundry issues in his lengthy brief; however, we find the essence of his claim to be this single issue:
I. DID THE CIRCUIT COURT ERR IN DISMISSING HIS MOTION AS AN IMPERMISSIBLE SUCCESSIVE ATTEMPT TO OBTAIN POST-CONVICTION RELIEF?
¶ 2. We find that Brown’s motion was an impermissible successive attempt to obtain post-conviction relief that did not fall within any of the statutory exceptions. Moreover, Brown’s motion was filed beyond the three-year time limit. As such, Brown’s claims are procedurally barred, and the trial court did not err in dismissing Brown’s motion for post-conviction relief.
STATEMENT OF FACTS
¶ 3. The pertinent facts of this case are procedural; thus, we will not delve into the facts of the underlying crimes for which Brown was convicted.
¶ 4. On November 29, 1999, Brown entered a plea of guilty to charges of murder and manslaughter, and he was sentenced to life in prison for murder and twenty years for manslaughter. On May 15, 2000, Brown filed his first motion for post-conviction relief in the Pontotoc County Circuit Court. On June 15, 2000, the circuit court denied this motion for post-conviction relief, stating that the petitioner was plainly not entitled to any relief. On September 18, 2000, Brown filed a second motion for post-conviction relief. On October 17, 2000, the circuit court denied this second motion as an impermissible successive attempt to obtain post-conviction relief. On August 19, 2003, Brown filed a third motion for post-conviction relief. On December 31, 2003, the circuit court denied this third motion as an impermissible successive attempt to obtain post-conviction relief.
¶ 5. The relevant code section on successive attempts to obtain post-conviction relief reads: “The dismissal or denial of an application under this section is a final judgment and shall be a bar to a second or successive application under this chapter.” Miss.Code Ann. § 99-39-27(9) (Supp.2004). Therefore, Brown’s third motion for post-conviction relief is procedurally barred, unless it fits within some enumerated statutory exception.
¶ 6. The enumerated exceptions are stated in Miss.Code Ann. § 99-39-27(9) as follows:
Likewise excepted from this prohibition are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence.
Miss.Code Ann. § 99-39-27(9).
¶ 7. As the circuit court noted in its December 31, 2003 order of dismissal, Brown cites to no intervening cases or newly discovered evidence, not reasonably *981 discoverable at the time of trial, which would except his claim from the successive writ bar. Thus, since we do not find any exception to apply to Brown’s claim, his third motion is procedurally barred as an impermissible successive attempt to obtain post-conviction relief. Miss.Code Ann. § 99-39-27(9).
¶ 8. We also note that Brown’s motion, in addition to being procedurally barred under § 99-39-27(9), is time-barred, as it was not filed within the three-year time limit. This three-year time limit appears in § 99-39-5(2) (Supp.2004), which reads in relevant part: “a motion for relief under this chapter shall be made within three years after the time in which the prisoner’s direct appeal is ruled upon by the Supreme Court of Mississippi or ... in case of a guilty plea, within three (3) years after entry of the judgment of conviction.” Miss.Code Ann. § 99-39-5(2). Brown’s guilty plea was filed on November 29, 1999, and his third motion for post-conviction relief was filed more than three years later, on August 19, 2003. Thus, Brown’s third motion will also be time-barred, unless it fits within some enumerated statutory exception.
¶ 9. The same two enumerated exceptions in § 99-39-27(9) discussed above apply to the three year time limit in § 99-39-5(2). Having already found that Brown’s claim does not fit within either of the exceptions, we find that Brown’s third motion for post-conviction relief is time-barred under § 99-39-5(2) in addition to being procedurally barred under § 99-39-27(9). Nobles v. State, 843 So.2d 734, 735 (¶¶ 5-6) (Miss.Ct.App.2003).
¶ 10. Therefore, we affirm the circuit court’s judgment dismissing Brown’s motion for post-conviction relief.
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF PONTOTOC COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PONTOTOC COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, AND ISHEE, JJ. CONCUR.