BRIDGES, P.J.,
for the Court.
¶ 1. Charged with the murder of Carole Chambliss, David Lee Barnes pled guilty to manslaughter. The Covington County Circuit Court found that Barnes entered his plea freely and voluntarily. As a result, the circuit court accepted Barnes’s plea. The circuit court sentenced Barnes to serve twenty years in the custody of the Mississippi Department of Corrections. However, the circuit court suspended three years from Barnes’s twenty year sentence and left seventeen years on Barnes’s sentence.
¶ 2. On April 17, 2003, Barnes filed a pro se motion for post-conviction relief. The circuit court found that Barnes’s motion “merely set out legal conclusions” and failed to state a “factual basis upon which relief [could] be granted.” Accordingly, the circuit court denied Barnes’s motion. Aggrieved, Barnes appeals and cites the following allegations of error, altered for clarity:
I. WHETHER BARNES INCRIMINATED HIMSELF.
II. WHETHER BARNES RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL.
III. WHETHER BARNES WAS DENIED THE RIGHT TO A SPEEDY TRIAL.
IV. WHETHER BARNES RECEIVED DUE PROCESS OF LAW.
V. WHETHER BARNES WAS SUFFICIENTLY INDICTED.
VI. WHETHER BARNES WAS SENTENCED TO SERVE EXCESSIVE TIME FOR MANSLAUGHTER.
Finding no error, we affirm.
STANDARD OF REVIEW
¶ 3. “When reviewing a lower court’s decision to deny a petition for post-conviction relief this Court will not disturb the trial court’s factual findings unless they are found to be clearly erroneous.” Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999). “However, where questions of law are raised the applicable standard of review is de novo.” Id.
ANALYSIS
¶ 4. For brevity’s sake, we can analyze Barnes’s first, third, fourth, and fifth assertions in one analysis. Barnes pled guilty to manslaughter. By pleading guilty Barnes waived his ability to assert his claims in his first, third, and fifth assignments of error. This will become abundantly clear as this analysis progresses.
¶ 5. In his first claim, Barnes asserts that his right to avoid self-incrimina *1022 tion was violated. The Supreme Court of the United States held that a defendant who enters a guilty plea waives “the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth.” Boykin v. Alabama, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Since Barnes pled guilty, he has waived his ability to assert his first claim.
¶ 6. In his third claim, Barnes argues that the circuit court violated his right to a speedy trial. The Mississippi Supreme Court has held that a guilty plea waives the right to a speedy trial. Anderson v. State, 577 So.2d 390, 392 (Miss.1991). Accordingly, Barnes waived his right to assert his claim within his third assertion.
¶ 7. In his fourth claim, Barnes repeats his allegations from his first, second, and third issues. As resolution of those issues may be found elsewhere in this opinion, we will not repeat bur analysis here.
¶ 8. In his fifth claim, Barnes complains the indictment was insufficient for various reasons. He finds error in the date of the indictment and argues that the indictment is not a plain and concise, definite written statement. He says the indictment lacks the county seal and there are three places that it is not signed. Further, Barnes finds fault in the indictment because he was not indicted on manslaughter the charge for which he pled guilty.
¶ 9. Barnes did not raise any of these issues before the circuit court. By failing to raise a similar objection, defense, claim, question, issue or error in the circuit court, Barnes is barred from raising this contention on appeal. Miss.Code Ann. § 99-39-21(1) (Rev.2000). Additionally, a valid guilty plea operates as a waiver to all non-jurisdictional defects contained in an indictment. Brooks v. State, 573 So.2d 1350, 1352-53 (Miss.1990). Moreover, Barnes was indicted for murder. Manslaughter is a lesser-included offense of murder and no error results from Barnes’s pleading guilty to the lesser-included offense to the crime for which he was indicted. See Grayer v. State, 519 So.2d 438, 439-40 (Miss.1988). Suffice it to say, this assignment of error is meritless.
¶ 10. Having resolved Barnes’s first, third, fourth, and fifth assertions, we turn our attention to his remaining claims.
II. WHETHER BARNES RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL.
¶ 11. To establish a claim of ineffective assistance of counsel, Barnes bears the burden of demonstrating (1) a deficiency of his counsel’s performance that is (2) sufficient to constitute prejudice to his defense. Swington v. State, 742 So.2d 1106, 1114(¶ 22) (Miss.1999) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Walker v. State, 703 So.2d 266, 268 (Miss.1997)). In deciding whether Barnes’s counsel rendered ineffective assistance, this Court examines the totality of the circumstances surrounding the case. Swington, 742 So.2d at (¶22). Barnes faces a “strong but rebuttable presumption that his counsel’s conduct falls within a broad range of reasonable professional assistance.” Id at (¶23) To overcome this presumption, Barnes must show “that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Id. “A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Id. (citations omitted).
¶ 12. Barnes advances multiple arguments intended to demonstrate ineffective *1023 assistance of counsel. First, Barnes alleges that his counsel failed to bring up issues and errors that would have adversely affected the outcome of his sentence. Regarding those unadvanced issues and errors, Barnes states that he told his counsel that he was coerced into giving a confession and that authorities had constructed a false police report. Barnes also reiterates his claim of lack of a speedy trial. He concludes that his counsel’s failure to bring forth his issues amounts to ineffective assistance.
¶ 13. Second, Barnes also claims that he asked his counsel to request a pretrial hearing, but his counsel failed to do so. According to Barnes, his counsel’s failure to request that pretrial hearing caused Barnes to suffer a denial of his “right to bring errors and violation[s] to the court’s attention.”
¶ 14. However, Barnes’s first and second claims directly contradict his guilty plea. In his petition to enter a guilty plea, Barnes stated that he believed his counsel did all that anyone could do to counsel and assist him. Additionally, Barnes stated that he was satisfied with counsel’s advice and recognized that his counsel’s advice regarding his sentence is merely a prediction and not binding on the circuit court.
¶ 15. Further, Barnes claims that his counsel failed to inform Barnes of the full legal meaning of his plea. It is difficult for this Court to ascertain the exact nature of Barnes’s claim. For example, the verbatim contents of Barnes’s claim states “[I] was told only Heat of Passion without malice. [I] was not told that it was in a cruel or unusual manner or by the use of a dangerous weapon without authority of law and not necessary self-defense shall be manslaughter. [I] was deprived [of] the right to plea not in necessary self-defense.”
¶ 16. Most likely, Barnes is somehow referencing a portion of Section 97-8-35 of the Mississippi Code (Rev.2000). That section states “[t]he killing of a- human being, without malice, in the heat of passion, but in a cruel or unusual manner, or by the use of a dangerous weapon, without authority of law, and not in necessary self-defense, shall be manslaughter.” Barnes pled guilty to manslaughter. According to his plea, Barnes stated that he killed Carole Chambliss in the heat of passion and that Carole, Chambliss did not pose a threat to his life, so he did not kill her out of self-defense. In a manner of speaking, Barnes did plead “not in necessary self-defense.”
¶ 17. Barnes also claims prejudice based on his assertion that had his counsel notified the circuit court of certain violations of Barnes’s constitutional rights, the circuit court would not have sentenced Barnes to twenty years. Here, Barnes simply states a conclusion. His point is moot, as he pled guilty to manslaughter and was sentenced within acceptable statutory guidelines.
¶ 18. Next, Barnes claims that he did not enter his plea voluntarily, but pled guilty based on his fear that if he went to trial, he could have been convicted of murder and sentenced to life imprisonment. Further, Barnes states that he would have gone to trial if his counsel had told him that he could plead “not in necessary self-defense” and he “would not have reeeive[d] the excessive time.” Again, we can only conclude that Barnes is misplaced in his understanding of his plea. As mentioned above, by entering a guilty plea to manslaughter, Barnes did confess to the circuit court that he killed Carole Chambliss under circumstances in which he was not defending himself. As such, when Barnes’s counsel informed him that he could plead manslaughter, Barnes’s coun *1024 sel did exactly what Barnes says his counsel failed to do. Likewise, had Barnes proceeded to trial it is possible that he could have been convicted of murder and sentenced to life imprisonment. By pleading guilty to manslaughter, he avoided that possibility.
¶ 19. The record lacks evidence demonstrating a reasonable probability that Barnes’s attorney erred in having Barnes plead guilty to manslaughter. Barnes was charged with “depraved heart murder.” If Barnes had been convicted of depraved heart murder, he faced a possible life sentence. Barnes has not included any affidavits or proposed witnesses that support any of Barnes’s claims against the effectiveness of his counsel. Lindsay v. State, 720 So.2d 182, 184(¶ 6) (Miss.1998). The record reflects that Barnes cannot demonstrate “deficient performance” or “prejudice” as a result of his counsel.
VI. WHETHER BARNES WAS SENTENCED TO SERVE EXCESSIVE TIME FOR MANSLAUGHTER.
¶ 20. In this issue, Barnes argues that his sentence of seventeen years is excessive. Barnes requests a more lenient sentence because he killed Carole Chambliss during an argument. Basically, he argues that the facts of the case do not merit his sentence.
¶21. For our present purposes, it is of no consequence that Barnes killed Carole during an argument. The fact remains that Barnes pled guilty to manslaughter and confessed that he killed Carole. According to Section 97-3-25 of the Mississippi Code (Rev.2000), “[a]ny person convicted of manslaughter shall be ... imprisoned ... in the penitentiary not less than two years, nor more than twenty years.” Since the circuit court sentenced Barnes to serve a seventeen year sentence, his sentence is within the bounds of the appropriate sentencing guidelines. Moreover, Barnes’s petition to enter a guilty plea reflects that he was aware of the sentencing guidelines corresponding to a conviction for manslaughter. Accordingly, this assignment of error is meritless.
¶ 22. THE JUDGMENT OF THE COVINGTON COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COVINGTON COUNTY.
KING, C.J., LEE, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.