MYERS, P.J.,
for the court.
PROCEDURAL HISTORY AND STATEMENT OF FACTS
¶ 1. On February 6, 2003, charged with the murder of Carole Chambliss, David Barnes pled guilty to manslaughter in the Covington County Circuit Court. Barnes was sentenced to twenty years in the custody of the Mississippi Department of Corrections, with seventeen years to be served in the Mississippi State Penitentiary, and the remaining three years suspended pending successful completion of three years supervised probation. On April 17, 2003, Barnes filed a pro se motion for post-conviction relief in which he raised the following issues: (1) violation of his right against self-incrimination, (2) ineffective assistance of counsel, (3) violation of his right to a speedy trial, (4) denial of due process, (5) defective indictment, and (6) excessive sentence. The circuit court denied Barnes’ motion, finding that it “merely set out legal conclusions” and failed to state a “factual basis upon which relief [could] be granted.” On appeal, this Court affirmed the circuit court judgment denying Barnes’ motion for post-conviction relief. See Barnes v. State, 920 So.2d 1019 (Miss.Ct.App.2005). Barnes filed a second motion for post-conviction relief on February 27, 2006, alleging (1) defective indictment, (2) violation of his right to a speedy trial, and (3) ineffective assistance of counsel. Finding Barnes’ second motion to be a prohibited successive writ, the circuit court again denied post-conviction relief. Aggrieved, Barnes now appeals the denial of his second motion.
¶ 2. We find Barnes’ motion to be procedurally barred as both an impermissible second attempt to obtain post-conviction relief that does not fall within any of the enumerated statutory exceptions, as well as time-barred because it was filed beyond the statutory three-year time limit. Accordingly, we affirm the circuit court’s denial of Barnes’ motion.
LEGAL ANALYSIS
¶ 3. The relevant code section on successive attempts to obtain post-conviction relief reads in part: “The dismissal or denial of an application under this section is a final judgment and shall be a bar to a second or successive application under this article.” Miss.Code Ann. § 99-39-27(9) (Supp.2006). The enumerated exceptions *98 to the final judgment rule are stated in section 99-39-27(9) as follows:
Likewise excepted from this prohibition are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence.
¶ 4. Barnes argues that his second petition for post-conviction relief is not successive because it is based on three affidavits from the circuit court which certify that the circuit court has no records of (1) the grand jury proceedings in which he was indicted, (2) the affidavit of the grand jury foreman, or (3) the minutes of the grand jury, which Barnes claims to all be newly discovered evidence under section 99-39-27(9) that, if introduced at trial, would have adversely affected the outcome of his conviction and sentence. However, we hold that such evidence was easily discoverable at the time of trial, had a trial been held in this cause, and the exception is inapplicable. Therefore, Barnes’ second motion for post-conviction relief is procedurally barred as an impermissible successive writ. We further note, that Barnes offers this evidence only in support of the defective indictment claim, and brings forth no new evidence in support of either the alleged speedy trial violation or ineffective assistance of counsel claim.
¶ 5. In addition to being procedurally barred under section 99-39-27(9), Mississippi Code Annotated section 99-39-5(2) (Supp.2006) establishes a three-year time limit in which motions for post-conviction relief may be filed. Section 99-39-5(2) reads in relevant part: “[a] motion for relief under this article shall be made ... in case of a guilty plea, within three (3) years after entry of the judgment of conviction.” Barnes’ judgment of conviction was entered on February 7, 2003. However, Barnes’ second motion for post-conviction relief was not filed until February 27, 2006. Thus, Barnes’ motion is time-barred, unless it fits within some enumerated statutory exception. The same two exceptions enumerated in section 99-39-27(9) discussed above apply to the three-year time limit in section 99-39-5(2). Nobles v. State, 843 So.2d 734, 735 (¶¶5-6) (Miss.Ct.App.2003). Having already held that the exceptions are inapplicable to Barnes’ claims, we find Barnes’ second motion for post-conviction relief time-barred under section 99-39-5(2), and affirm the circuit court’s denial of Barnes’ motion on this additional ground.
¶ 6. THE JUDGMENT OF THE COV-INGTON COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COVINGTON COUNTY.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.