# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-00250-COA

**KEITH LADALE PORTER A/K/A KEITH PORTER**         **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**         **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/07/2018 |
| TRIAL JUDGE: | HON. ROGER T. CLARK |
| TRIAL COURT ATTORNEYS: | JOEL SMITH |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | KEITH LADALE PORTER (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 04/02/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE J. WILSON, P.J., GREENLEE AND McCARTY, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1. The Harrison County Circuit Court dismissed Keith Porter's third motion for post-conviction relief (PCR). Porter appeals, asserting: (1) his ineffective-assistance-of-counsel claim overcomes the procedural bar; and (2) two letters from the Harrison County Circuit Clerk qualify as newly discovered evidence and overcome the procedural bar. We affirm the circuit court's order and find that the PCR motion was properly dismissed.

## FACTS AND PROCEDURAL HISTORY

¶2. A Harrison County grand jury indicted Porter in November 2015 for armed robbery.

Another grand jury indicted him in July 2016 for drive-by-shooting and unlawful possession of firearm or weapon by a convicted felon. Porter pled guilty to armed robbery and unlawful possession in March 2017. The Harrison County Circuit Court sentenced him to serve twenty-five years with twenty years suspended for armed robbery and ten years for unlawful possession. His sentences were to run concurrently with each other, in the custody of the Mississippi Department of Corrections (MDOC), and with five years of non-reporting post-release supervision.

¶3.     Porter's history of filings in this Court and other state courts is voluminous.[1]

¶4.     In October 2016, Porter filed a pro se document titled "Insufficient Counsel and Failure to be Granted my Motion of Discovery." Our supreme court denied relief. *Porter v. State*, 2016-M-01517 at *1 (Miss. Nov. 28, 2016). He directly appealed his plea of guilty to armed robbery and unlawful possession in April 2017, and we dismissed the appeal without prejudice for lack of jurisdiction. *Porter v. State*, 2017-TS-00522-COA at *1 (Miss. Ct. App. June 6, 2017).

¶5.     Porter first filed for PCR in August 2017. The circuit court denied his petition, finding that he waived his ineffective-assistance-of-counsel claim when he pled guilty. The court noted that "[w]ithout the plea agreements, Porter faced three years to life in MDOC custody," and that his voluntarily made plea significantly lowered his potential prison time. He appealed the order, but later moved for voluntary dismissal. We granted the dismissal in

---

[1] This recall does not include Porter's several petitions for writ of mandamus. *In re Porter*, 2016-M-01621 at *1 (Miss. Feb. 6, 2017); *In re Porter*, 2016-M-01621 at *1 (Miss. Feb. 6, 2017); *In re Porter*, 2017-M-01106 (Miss. Dec. 14, 2017).

March 2018. *Porter v. State*, 2017-TS-01623-COA at *1 (Miss. Ct. App. Mar. 8, 2018).

¶6.     He moved again for PCR in August 2017, specifically challenging his guilty plea to unlawful possession. He asserted that his habitual-offender status was not adequately proven and that his counsel was ineffective. And again the circuit court denied his petition, finding his claims waived after his guilty plea. Porter appealed, but his case was dismissed after he failed to file a brief. *Porter v. State*, 2018-CP-00187-COA at *1 (Miss. Ct. App. Aug. 7, 2018); *see* M.R.A.P. 2(a)(2).

¶7.     This is an appeal of the circuit court's February 7, 2018 dismissal of Porter's third PCR motion. The circuit court determined that it was a successive filing. But Porter argues: (1) his ineffective-assistance-of-counsel claim overcomes the procedural bar; and (2) two letters from the Harrison County Circuit Clerk qualify as newly discovered evidence and overcome the procedural bar. The issue is now properly before this Court.

¶8.     However, subsequently filed motions—including another appeal from the dismissal of a PCR motion—have found their way to this Court and our supreme court. In *Porter v. State*, 2018-CP-00324-COA, 2018 WL 6498406, at *1 (Miss. Ct. App. Dec. 11, 2018), this Court dismissed Porter's fourth PCR motion and found that "Porter's claims do not implicate any fundamental constitutional rights violations." *Id.* at *2 (¶7).

¶9.     Porter also applied to proceed in forma pauperis and moved for bond pending appeal in early 2018, which the circuit court denied him, finding that "[h]is repetitive, frivolous, filings have become a waste of court personnel, materials, and time." Porter appealed, but the clerk dismissed his case for failure to pay the $200.00 filing fee and the costs of appeal.

*Porter v. State*, 2018-TS-00559-COA (Miss. Ct. App. Sept. 18, 2018); *see* M.R.A.P. 2(a)(2).

¶10.    Lastly, Porter filed a "Motion for Permission to Proceed Out of Time Appeal," which the Lee County Circuit Court denied in April 2018. He appealed, but the Mississippi Supreme Court dismissed, finding the appeal not timely filed. *Porter v. State*, 2018-TS-00718 at *1 (Miss. July 19, 2018).

## STANDARD OF REVIEW

¶11.    "When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's decision if it is clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Williams v. State*, 228 So. 3d 844, 846 (¶5) (Miss. Ct. App. 2017).

## DISCUSSION

¶12.    The Uniform Post-Conviction Collateral Relief Act (UPCCRA) bars PCR motions from this Court's review if the movant has filed a previous PCR motion. Miss. Code Ann. § 99-39-23(6) (Rev. 2015). This is Porter's third attempt for post-conviction relief. His motion, therefore, is successive-writ barred unless he can show an exception to overcome the procedural bar. *White v. State*, 59 So. 3d 633, 635 (¶8) (Miss. Ct. App. 2011) ("[E]rrors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA.").

### I.    Does Porter's ineffective-assistance-of-counsel claim overcome the procedural bar?

¶13.    Porter argues that the circuit court should not have summarily dismissed his motion without an evidentiary hearing. But a circuit court may do exactly that "if it plainly appears

4

from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." *Fields v. State*, 228 So. 3d 942, 945 (¶12) (Miss. Ct. App. 2017). Porter moved for relief based on an ineffective-assistance-of-counsel claim.

¶14. To prevail on such a claim, Porter "must prove that counsel's performance was deficient and that the deficient performance prejudiced the defense." *Carson v. State*, 161 So. 3d 153, 155 (¶3) (Miss. Ct. App. 2014) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Porter never gets beyond the mere assertion, which this Court has determined is not enough. *Pittman v. State,* 192 So. 3d 1147, 1149 (¶6) (Miss. Ct. App. 2016). His claim must be made "with specificity, and . . . must be supported by affidavits other than his own." *Shavers v. State*, 215 So. 3d 502, 507 (¶14) (Miss. Ct. App. 2016). Furthermore, we also note that "a claim of an involuntary guilty plea does not surmount the procedural bar." *Vitela v. State*, 183 So. 3d 104, 107 (¶12) (Miss. Ct. App. 2015).

¶15. Therefore, Porter's claim of ineffective assistance of counsel is not "procedurally alive," *Scott v. State*, 141 So. 3d 34, 35 (¶2) (Miss. Ct. App. 2014), and the circuit court did not err when it dismissed his third PCR motion without an evidentiary hearing.

## II. Do the two letters from the Harrison County Circuit Clerk qualify as newly discovered evidence and overcome the procedural bar?

¶16. In his brief, Porter has included two letters from the Harrison County Circuit Clerk—one dated March 30, 2018 and the other dated April 9, 2018—which are responses to his "Petitioner's Request for Production" for the "Minutes of the Grand Jury." Both letters state the same thing: "[T]here is no such thing as the 'Minutes of the Grand Jury.' Therefore, we cannot provide you with this information." Porter asserts that these letters qualify as

5

newly discovered evidence because they show either that he was convicted without a grand-jury indictment or that "the court does not have a record of it impaneling or dismissing a grand jury for September, 2015 or March, 2016, terms." This determination, he avers, is a violation of the Constitution of the State of Mississippi.

¶17. "[T]o constitute newly discovered evidence the movant must show the evidence: (1) will probably produce a different result or verdict, (2) has been discovered since trial and could not have been discovered before trial by the exercise of due diligence, (3) is material to the issue, and (4) is not merely cumulative or impeaching." *Russell v. State*, 73 So. 3d 542, 545 (¶9) (Miss. Ct. App. 2011).

¶18. Our code authorizes only specific persons to attend the sessions of the grand jury. Miss. Code Ann. §§ 25-31-13 (Rev. 2018), 19-23-11(3) (Rev. 2012), and 7-5-53 (Rev. 2014). It does not authorize a stenographer or other court reporter to attend and record minutes. *State v. Burrill*, 312 So. 2d 1, 3 (Miss. 1975). Even if the minutes of the grand jury existed, Porter has no right to them, as he would have had to "show a particular need which outweighs the need for maintaining the secrecy of grand jury proceedings . . . ." *Kelly v. State*, 783 So. 2d 744, 751 (¶17) (Miss. Ct. App. 2000) (citing *Reining v. State*, 606 So. 2d 1098, 1101 (Miss. 1992)). He does not show this need. Furthermore, the minutes—or even the lack of minutes—were easily discoverable during his trial. Therefore, they cannot constitute newly discovered evidence. *See Barnes v. State*, 969 So. 2d 96, 98 (¶4) (Miss. Ct. App. 2007) (holding that a PCR motion does not overcome procedural bars if the circuit court has no records of the minutes of the grand jury). Finally, we note that the record on

6

appeal contains the indictments from November 2015 for armed robbery and July 2016 for drive-by-shooting and unlawful possession of firearm or weapon by a convicted felon. His claim is meritless, and we affirm the circuit court's dismissal of his PCR motion.

## CONCLUSION

¶19.     Neither Porter's ineffective-assistance-of-counsel argument nor his newly-discovered-evidence argument overcome the procedural bar imposed under the UPCCRA. Thus, his PCR motion is successive-writ barred. We, therefore, affirm the Harrison County Circuit Court's dismissal of Porter's PCR motion.

¶20.     **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., WESTBROOKS, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**