# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 98-CA-00733-SCT

*PATSY JEAN ELLIS*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/31/1998 |
| TRIAL JUDGE: | HON. BETTY W. SANDERS |
| COURT FROM WHICH APPEALED: | LEFLORE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | LELAND H. JONES, III |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | FRANK CARLTON |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | REVERSED AND RENDERED - 9/30/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/21/99 |

## BEFORE PRATHER, C.J., MILLS AND COBB, JJ.

## COBB, JUSTICE, FOR THE COURT:

### STATEMENT OF THE CASE

¶1. Appellant Patsy Jean Ellis is before this Court seeking post-conviction relief and reversal of a Leflore County Circuit Court judgment which affirmed the revocation of her probation. Ellis petitioned the trial court after she was ordered to serve the entire ten year prison term, which had originally been suspended in 1990. The trial court held an evidentiary hearing and denied Ellis's petition for post-conviction relief. Claiming that the trial court erroneously denied the relief sought, Ellis advances the following arguments:

**I. APPELLANT'S ARREST FOR VIOLATION OF PROBATION WAS NOT REASONABLY NEAR THE TIME OR PLACE OF THE VIOLATION TO SUSTAIN A PETITION FOR REVOCATION.**

**II. THE APPELLANT'S CONSTITUTIONAL RIGHTS WERE VIOLATED BECAUSE NEITHER THE STATE OF ARKANSAS NOR THE DEFENDANT WERE AFFORDED PROPER NOTICE OF THE TERMS OF THE PROBATION VIOLATION.**

**III. THE APPELLANT'S PROBATION WAS REVOKED AFTER THE CIRCUIT**

**COURT'S JURISDICTION OVER HER HAD EXPIRED.**

¶2. This Court finds that the court below committed reversible error when it denied Ellis's motion for post-conviction relief. Although Ellis did violate the terms of her probation, the Leflore County Circuit Court allowed the five-year probation period (plus an additional 14 months for time she was incarcerated in Arkansas) to expire before it attempted to detain her. As a result, the Leflore County Circuit Court had no jurisdiction to detain her nor to reinstate her original sentence. Thus Ellis's motion for post-conviction relief should be granted and her revocation of probation set aside.

## STATEMENT OF FACTS

¶3. On June 25, 1990, Patsy Jean Ellis pled guilty in the Leflore County Circuit Court, before Circuit Judge Gray Evans, to five counts of embezzlement.[1] On June 28, 1990, she was sentenced to ten years incarceration, all of which time was suspended. Ellis was placed on five years supervised probation for each count, all to run concurrently. She was allowed to move to Arkansas, and the responsibility for her probation was transferred to Arkansas through the interstate compact program. Approximately four years and ten months into her five year probationary period, Ellis was convicted for a felony committed in Arkansas and was incarcerated there for 14 months (April 1995-June 1996). At the time of her conviction, Ellis had approximately six weeks remaining on her five year probation period under the jurisdiction of the Leflore County Circuit Court.

¶4. On May 4, 1995, one month after her Arkansas conviction and imprisonment, Mississippi Department of Corrections (MDOC) field officer James Garrett completed and signed a form which he called a field warrant, which was titled "Warrant for Arrest on Violation of Probation". It stated that Ellis had violated the of the terms of her Mississippi probation and that her present status and address were unknown, although Garrett testified that in fact he knew she was in a penitentiary in Arkansas, but didn't know where.

¶5. This warrant, which was not sworn and was not issued by a judge, deputized "any probation officer of the Mississippi Department of Corrections or any other officer authorized to serve criminal process in this State" to arrest Ellis under the authority of Miss. Code Ann. § 47-7-37 (1993 & Supp. 1999), and remand her to jail. It specifically stated that Ellis had violated the probation provision which stated "[d]efendant shall hereafter commit no offense against the laws of this or any state of the United States ...."

¶6. Garrett testified that he then mailed the original field warrant to the interstate compact office in Jackson, MS, pursuant to the procedures established for handling probation matters between states. He never received an acknowledgment from Jackson or from Arkansas that the warrant had been received or sent to Arkansas. He testified that at that point he was through with it. No petition for revocation of probation was ever filed in the Leflore County Circuit Court, nor was any warrant issued by "the court, or any judge in vacation...." as contemplated in § 47-7-37. The trial court docket sheets show no documents and no activity (other than two restitution payments and a receipt) between 1993 and November 21, 1996, when a sworn Affidavit of Violation of Probation signed by MDOC officer Grantham and an Order to Transport signed by Circuit Judge Gray Evans were filed.

¶7. The record is silent as to whether the Arkansas authorities were ever advised of, or ever received, Garrett's warrant sent to the compact office in Jackson. If so, they did not provide any acknowledgment to the trial court or to the MDOC. Nor did they place a detainer on Ellis to assure that she would not be released and that Mississippi would be notified upon completion of her prison term for the Arkansas

conviction.

¶8. Ellis was released from prison in Arkansas on June 14, 1996. At this time, almost six years to the day since she was sentenced in Mississippi, she had less than two months remaining on her five year Mississippi probation (the time served in Arkansas having tolled the running of the Mississippi term for 14 months.) According to a sworn Affidavit filed by Ellis, she stayed in Arkansas and worked two jobs, one at a chicken processing plant and the other as a waitress. On November 19, 1996, five months after her release (being approximately three months after the end of her period of probation in Mississippi) Ellis was arrested by her Arkansas parole officer and jailed in Fayetteville, Arkansas, until November 23, 1996, when she was transported back to Leflore County and incarcerated, pursuant to Judge Evans' Order to Transport.

¶9. A revocation hearing before Judge Evans in the Leflore County Circuit Court was held on December 3, 1996. Ellis's probation was revoked on January 8, 1997, and she was sentenced to serve the original term of ten years in the Mississippi State Penitentiary. She filed a direct appeal to this Court, which by order dated October 2, 1997, advised her that she must seek post-conviction relief in the circuit court.

¶10. On October 3, 1997, Ellis filed her Motion for Post-Conviction Collateral Relief in the Leflore County Circuit Court. The case was assigned to Circuit Judge Betty Sanders who entered an order on November 4, 1997, specifically finding that the Motion for Post-conviction Collateral Relief stated a cause of action and commanding the State of Mississippi to respond to the motion. Attorney Jim Norris of MDOC responded in a letter, filed November 21, 1997, stating that MDOC was not familiar with the matters set forth in the motion and that the District Attorney's Office would handle the matter. No response was ever filed by the state.

¶11. Judge Sanders conducted a hearing on January 29, 1998, where testimony and arguments were presented regarding all issues raised in Ellis's motion. Judge Sanders requested memoranda of law regarding one issue: whether the Circuit Court of Leflore County, Mississippi had jurisdiction over Ellis in January of 1997 when her probation was revoked. On April 1, 1998, Judge Sanders affirmed Ellis's probation revocation and denied the Motion for Post-Conviction Collateral Relief. Aggrieved by the court's ruling below, Ellis sought relief from this Court.

## DISCUSSION OF THE ISSUES

### III. THE APPELLANT'S PROBATION WAS REVOKED AFTER THE CIRCUIT COURT'S JURISDICTION OVER HER HAD EXPIRED.

¶12. We address this issue first, as its subsequent conclusion renders Ellis's other arguments moot. This is an issue of apparent first impression in this State, and to begin our analysis we look first to the plain language of Miss. Code Ann. § 47-7-37 (1993), which governs the time limits for probation and the procedures for revocation of probation in this state, as follows in pertinent part:

> The period of probation shall be fixed by the court, and may at any time be extended or terminated by the court, or judge in vacation. **Such period with any extension thereof shall not exceed five (5) years . . . .**
>
> **At any time during the period of probation the court, or judge in vacation**, may issue a warrant for violating any of the conditions of probation or suspension of sentence and cause the probationer to be arrested. Any probation and parole officer may arrest a probationer without a warrant, or may

deputize any other officer with power of arrest to do so by giving him a written statement setting forth that the probationer has, in the judgment of the probation and parole officer, violated the conditions of probation . . .

Miss. Code Ann. § 47-7-37 (1993)(emphasis added).

¶13. We agree with Ellis's assertion that when the Leflore County Circuit Court revoked her probation and subsequently detained and returned her to Mississippi, the court lacked the jurisdiction. At the time of her arrest, on or about November 20, 1996, the five year term of her probation had already expired by several months and, therefore, could not be revoked.

¶14. The State argues that the May 4, 1995, form warrant signed and mailed by MDOC officer Garrett served to toll the running of Ellis's term of probation. However, because it was not "issued by the court or a judge in vacation", it was not an arrest warrant, but at most was an authorization to arrest, being a "written statement setting forth that the probationer has, in the judgment of the probation and parole officer, violated the conditions of probation...."as set forth in Miss. Code Ann. § 47-7-37. Had the "written statement" been received by an officer who then lawfully arrested the probationer prior to the running of the five year term, that would have been sufficient to toll the running of the five year period in accord with *Jackson v. State*, 483 So. 2d 1353 (Miss. 1986). In *Jackson* we held that a petition for revocation filed eleven days prior to the expiration of the probationary period tolled the running of the five year period. Also in *Jackson*, we found that since the lower court had acted on the petition within a reasonable time (13 days after it was issued), the revocation of probation was lawful even though it did not occur before the final day of the term of probation. Because our statutes do not specifically require the filing of a petition of revocation, we do not today adopt a rule that the filing of such petition is a specific requirement for tolling the running of the probationary period. (However, due process necessarily requires that the probationer receive proper notice, whether by an arrest warrant or by the filing of a petition of revocation, which must state at a minimum the nature of the violation and the date, time and place of hearing.) For further instruction and requirements regarding probation revocation procedures pursuant to § 47-7-37 , see *Riely v. State*, 562 So. 2d 1206 (Miss. 1990).

¶15. The State is unable to explain why it allowed five months to pass between Ellis's release and her subsequent detention. The State asserts that it did not know exactly where Ellis was after her release, yet it fails to explain why a warrant was never served on her while she was confined in an Arkansas penitentiary or why it did not contact Ellis's Arkansas parole officer until November, 1996.

¶16. The MDOC through its inaction and inattention allowed Ellis's five year probation period to expire in August 1996. Thus, the Leflore County Circuit Court lacked jurisdiction to detain her in November 1996.

<u>CONCLUSION</u>

¶17. The court below was in error when it denied Ellis's motion for post-conviction relief. Despite Ellis's obvious violation of her probation, the five year probation period expired before proper action was taken to revoke her probation. As a result, the court had no jurisdiction to detain Ellis nor to reinstate her original sentence. Thus, this Court finds that Ellis's motion for post-conviction relief should have been granted and her revocation of probation set aside.

¶18. Therefore, we reverse the judgment of the Leflore County Circuit Court, and we render judgment

granting the petition of Patsy Jean Ellis for post-conviction relief, reversing the order revoking her probation, reversing the judgment ordering Ellis to serve the original ten-year sentence, and ordering the immediate discharge and release of Patsy Jean Ellis on this charge.

¶19. **REVERSED AND RENDERED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, MILLS AND WALLER, JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY. SMITH, J., NOT PARTICIPATING.**

1. In order to help understand the details of the jurisdiction issue, a brief chronology of events is instructive:

June 28, 1990 - Ellis is sentenced to five years probation and time begins to run.

April 17,1995 - Ellis is convicted of a felony in Arkansas. Approximately one and a half months remain on her Mississippi probation. Ellis is incarcerated for fourteen months in Arkansas, and the running of her Mississippi probation is tolled for this period.

May 4, 1995 - An MDOC field warrant is completed by MDOC officer Garrett and sent to the Jackson, MS interstate compact office but this warrant apparently is never delivered to the Arkansas authorities or Ellis. Nothing in the record indicates otherwise.

June 14, 1996 - Ellis is released from Tucker Prison in Arkansas.

August 1996 - Ellis's five year probation expired (if not tolled by the 1995 warrant) because her time had started running again after her release from prison and she only had one and a half months left on her Mississippi probation prior to Arkansas incarceration.

November 20, 1996 - An Order to Transport is entered by Circuit Judge Gray Evans for Ellis and she is returned to Mississippi.

December 3, 1996 - Judge Evans holds a probation revocation hearing.

January 8, 1997 - Judge Evans revokes Ellis's probation, sentencing her to serve the original ten (10) year sentence.