994 So.2d 850 (2008)
Willie LEECH, Appellant
v.
STATE of Mississippi, Appellee.
No. 2007-CP-00566-COA.
Court of Appeals of Mississippi.
July 22, 2008.
Rehearing Denied November 18, 2008.
*851 Willie Leech, Appellant, pro se.
Office of the Attorney General by Laura Hogan Tedder, attorney for appellee.
Before MYERS, P.J., GRIFFIS, ROBERTS and CARLTON, JJ.
CARLTON, J., for the Court.
¶ 1. Willie Leech appeals pro se from the judgment of the Circuit Court of Lowndes County dismissing his motion for post-conviction relief as time-barred. In his motion, Leech argued that: (1) his probation was unlawfully revoked and his suspended sentence was unlawfully reinstated, (2) he received ineffective assistance of counsel at the revocation hearing, and (3) the reinstatement of his suspended sentence constituted double jeopardy. On appeal, Leech reasserts the issues he raised in his motion for post-conviction relief and further argues that the trial court erred in dismissing his motion as time-barred.
¶ 2. Because Leech's motion for post-conviction relief alleged that his probation was unlawfully revoked and his suspended sentence was unlawfully reinstated, we find that the trial court erred in dismissing his motion as time-barred. However, after reviewing the issues on their merits, we find that Leech is entitled to no relief. Therefore, we affirm.

FACTS
¶ 3. On May 12, 1988, Leech appeared before the Circuit Court of Lowndes County and pleaded guilty to accessory before the fact of armed robbery. He received a twenty-year suspended sentence and was placed on supervised probation for a period of five years. In May 1989, after testing positive for illegal drugs, Leech's probation was modified to require that he "serve as a condition of his probation 90 days in the Lowndes County Jail." Shortly after serving the ninety days, Leech moved to Allentown, Pennsylvania. On May 30, 1990, an affidavit of violation of probation, a bench warrant, and a petition to revoke Leech's suspended sentence were filed in the Lowndes County Circuit Court. These documents appear in the record only by way of notation of entry on the docket sheet. However, testimony from the resulting revocation hearing reveals that Leech was charged with failing to report to his probation officer from November 1989 through May 1990, failing to pay supervision fees, and again testing positive for illegal drugs.
¶ 4. On May 17, 2006, Leech was served with the May 30, 1990, petition to revoke, resulting in his arrest. On August 8, 2006, a revocation hearing was held, at which *852 Leech admitted that he violated the terms of his probation as set forth in the revocation petition. Leech also stated that he wished to waive a hearing in the matter. Consequently, the trial judge ruled on the petition with very little factual discussion made on the record.
¶ 5. In reaching his decision, the trial judge stated:
This is a rather old case, but it's been remaining on the Court's docket because a petition to revoke was filed within the period of time that [Leech] was on probation, which means that the probationary period stops at the filing of the petition.
Shortly thereafter the following exchange took place between the trial judge and Leech:
BY THE COURT: Mr. Leech, you do not have to answer the question unless you feel that you want to. Where were you?
[BY LEECH]: I had moved to Pennsylvania. Allentown, Pennsylvania.
BY THE COURT: You've been in Pennsylvania the whole time?
[BY LEECH]: Yes, sir.
BY THE COURT: How did they find out where you were?
[BY LEECH]: I came back.
¶ 6. The trial court stated that Leech would not receive credit for the time that he was at large.[1] Then, based on Leech's admissions, the trial judge concluded that Leech had violated the terms of his probation and ordered that Leech's twenty-year sentence be reinstated; a revocation order was entered the same day-August 8, 2006.
¶ 7. On February 20, 2007, Leech filed a motion for post-conviction relief, asserting that: (1) his probation was unlawfully revoked and his suspended sentence was unlawfully reinstated, (2) he was denied effective assistance of counsel during the revocation hearing, and (3) the reinstatement of his entire twenty-year suspended sentence constituted double jeopardy. The trial court dismissed Leech's motion as time-barred by the three-year statute of limitations pursuant to Mississippi Code Annotated Section 99-39-5(2) (Rev.2007). Aggrieved, Leech now appeals to this Court.

STANDARD OF REVIEW
¶ 8. We will not reverse a trial court's decision to dismiss a motion for post-conviction relief unless it is determined that the trial court's decision was clearly erroneous. Willis v. State, 904 So.2d 200, 201(¶ 3) (Miss.Ct.App.2005) (citing McClinton v. State, 799 So.2d 123, 126(¶ 4) (Miss. Ct.App.2001)). Questions of law, however, are reviewed de novo. Russell v. Performance Toyota, Inc., 826 So.2d 719, 721(¶ 5) (Miss.2002). A trial court may dismiss a motion for post-conviction relief "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief. . . ." Miss.Code Ann. § 99-39-11(2) (Rev.2007).

DISCUSSION

1. Whether the trial court erred in dismissing Leech's motion as time-barred.
¶ 9. We first address Leech's claim that the trial court erred in dismissing his motion for post-conviction relief as time-barred under Mississippi Code Annotated *853 section 99-39-5(2) (Rev.2007). That section provides in pertinent part:
A motion for relief under this article shall be made . . . within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction. Excepted from this three-year statute of limitations . . . are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. . . .
Miss.Code Ann. § 99-39-5(2) (emphasis added). A post-conviction claim alleging unlawful revocation of probation is not subject to the time bar of section 99-39-5(2). Daggans v. State, 741 So.2d 1033, 1037(¶ 12) (Miss.Ct.App.1999); see also Jackson v. State, 965 So.2d 686, 690(¶ 11) (Miss.2007) (a motion for post-conviction relief alleging an illegal sentence is not subject to the time bar).
¶ 10. Because Leech's motion for post-conviction relief alleged that his probation had been unlawfully revoked and that his suspended sentence had been unlawfully reinstated, we find that the trial court erred in dismissing Leech's motion as time-barred.

2. Whether revocation was timely pursued.
¶ 11. Leech argues that the trial court lacked authority to revoke his probation and reinstate his suspended sentence because his five-year probationary period had expired at the time his probation was revoked. The State argues that the probationary period was tolled because a revocation petition was filed in the circuit court prior to the expiration of the probationary period. Jackson v. State, 483 So.2d 1353, 1356 (Miss.1986).
¶ 12. The procedure for revocation is set forth in Mississippi Code Annotated section 47-7-37 (Supp.2006), which provides in pertinent part:
At any time during the period of probation the court, or judge in vacation, may issue a warrant for violating any of the conditions of probation or suspension of sentence and cause the probationer to be arrested. Any probation and parole officer may arrest a probationer without a warrant, or may deputize any other officer with power of arrest to do so by giving him a written statement setting forth that the probationer has, in the judgment of the probation and parole officer, violated the conditions of probation. Such written statement delivered with the probationer by the arresting officer to the official in charge of a county jail or other place of detention shall be sufficient warrant for the detention of the probationer.
¶ 13. Leech's five-year probationary period began to run on May 12, 1988, when he was "released on supervised probation following suspension of the original sentence." See Moore v. State, 585 So.2d 738, 740-41 (Miss.1991). Therefore, his probationary period expired on May 12, 1993. Although a revocation petition was filed in the circuit court on May 30, 1990, Leech was not served with the petition or arrested until May 2006, and his probation was not revoked until August 8, 2006. At issue is the State's authority to revoke probation after the probationary period has expired.
¶ 14. Probation may be lawfully revoked beyond the probationary period if a revocation petition is filed prior to the end of the probationary period  an act deemed to "toll" the running of the probationary period  and the State acts on the petition within a reasonable time. Jackson, 483 So.2d at 1356 (finding that probation was lawfully revoked where a revocation *854 petition was filed eleven days prior to the probationary period's end, and the defendant's probation was revoked thirteen days later, i.e., two days after the probationary period expired).
¶ 15. Leech cites Simpson v. State, 785 So.2d 1121, 1124(¶ 11) (Miss.Ct.App.2001) and Ellis v. State, 748 So.2d 130, 134 (¶¶ 13-14) (Miss.1999) and argues that the probationary period was not tolled. For the reasons explained below, we find the instant case distinguishable from Simpson and Ellis.
¶ 16. In Ellis, the probationer was arrested and her probation was revoked several months after her probationary period ended. Ellis, 748 So.2d at 134 (¶¶ 13-15). There, the only action taken by the State to pursue revocation prior to the end of the probationary period was the completion of a form warrant by a probation officer, which also deputized an appropriate officer to arrest the probationer; the State filed no revocation petition prior to the end of the probationary period. Id. at 132(¶¶ 4-6). The court in Ellis concluded that the probationary period was not tolled, and the probation was unlawfully revoked because the period of probation expired before the State took "proper action" to revoke the defendant's probation. Id. at 134(¶ 17). In rejecting the State's argument that the probationary period was tolled by virtue of the probation officer's actions, the court in Ellis distinguished the probation officer's warrant from an arrest warrant "issued by the court or a judge in vacation" within the meaning of section 47-7-37. Id. at (¶ 14).
¶ 17. Similarly, in Simpson, this Court found that the probationary period was not tolled and that revocation was improper where the State did not file a petition to revoke until seventeen months after the defendant's probationary period had expired. Simpson, 785 So.2d at 1124-25 (¶¶ 11-15). In reaching this decision, we relied on Ellis, noting that the only action undertaken by the State during the probationary period was a probation officer's warrant, which appeared to be identical to the warrant involved in Ellis. Id. at 1124 (¶¶ 13-14).
¶ 18. Leech attempts to equate the circuit judge's bench warrant in the instant case with the probation officers' warrants in Simpson and Ellis. In so doing, Leech conveniently ignores that a revocation petition was filed prior to the expiration of his probationary period. We find that Leech's argument is flawed in two respects. First, the warrant in the instant case was issued by "the court, or judge in vacation" as contemplated by section 47-7-37, rather than by a probation officer. Second, a revocation petition was filed prior to the expiration of Leech's probationary period. Therefore, we do not find Ellis and Simpson controlling. Instead, pursuant to Jackson, we find that the filing of the revocation petition was sufficient action to toll the running of Leech's probationary period, if it is determined that the State acted on the petition within a reasonable time.
¶ 19. "The considerations for what is a reasonable time vary, but it is largely a case-by-case determination." Buice v. State, 751 So.2d 1171, 1179(¶ 33) (Miss.Ct. App.1999) (J. Southwick, concurring) (citation omitted). In determining whether the State acted reasonably on the petition, we find the following statement from Jackson instructive:
Court records show that a petition for revocation of probation was filed January 13, 1977, approximately eleven (11) days prior to the expiration of the probationary period. We hold that this tolled the running of the five (5) year period, and since the petition was filed prior to the end of the probationary *855 period and the lower court acted on the petition within a reasonable time (13 days) that the revocation of probation and sentence of three (3) years was lawful. If this were not the law, then a probationer who violates his probation on the last day of the five (5) year period would have to be caught and given a hearing that day or his probation could not be revoked. Such reasoning would be absurd and is not the law.

Jackson, 483 So.2d at 1356 (emphasis added). From this, we infer that the determination of whether the State has reasonably pursued revocation is a fact-sensitive inquiry that should be made with considerations of practicality in mind.
¶ 20. In his appellate brief, Leech asserts that he was in and out of jail throughout his stay in Pennsylvania. He claims that the Mississippi authorities were notified on each occasion, yet they refused to take any action to extradite him. However, we are unable to find any record support whatsoever for these allegations. On appeal, "[t]his Court is confined by the record of a case and will not consider any matters that do not appear within it." Edwards v. State, 723 So.2d 1221, 1227(¶ 23) (Miss.Ct.App.1998) (citing Rushing v. State, 711 So.2d 450, 454(¶ 11) (Miss.1998)). Therefore, we do not consider these assertions.
¶ 21. In light of the facts contained in the record, we must conclude that the State acted on the petition within a reasonable amount of time. From the record before this Court on appeal, we only know that Leech fled the jurisdiction to Pennsylvania upon his release from the Lowndes County Jail in 1990, and he remained there until he returned to Lowndes County, shortly before he was served with the revocation petition and arrested in May 2006. At the revocation hearing, Leech admitted that he violated the terms of his probation, and he moved to Pennsylvania. Further, Leech stated that he wished to waive a hearing in the matter. To hold on these facts that Leech's probation was unlawfully revoked due to the State's failure to act on the petition within a reasonable time would allow a probationer to avoid revocation by fleeing the jurisdiction (a further violation of probation) and successfully eluding the authorities until his or her probationary period has long since expired. Under the rational of the Jackson decision, "[s]uch reasoning would be absurd and is not the law." Jackson, 483 So.2d at 1356.
¶ 22. Accordingly, we find that Leech's probation was lawfully revoked, and his suspended sentence was lawfully reinstated. This issue is without merit.

3. Whether Leech received ineffective assistance of counsel.
¶ 23. Leech argues that he was denied effective assistance of counsel at his revocation hearing. He claims that his attorney failed to raise the question of the timeliness of the revocation. Leech claims that his counsel failed to argue that the Mississippi authorities did not attempt to extradite him during his stay in Pennsylvania.
¶ 24. As stated above, beyond Leech's bare assertions, the record contains absolutely no evidence tending to establish that: (1) he was incarcerated in Pennsylvania, (2) Mississippi authorities were notified of such an arrest, or (3) Mississippi authorities made no attempts to extradite him. "It is firmly established that mere allegations are insufficient to entitle a defendant to an evidentiary hearing on a post-conviction claim of ineffective assistance of counsel." Ealey v. State, 967 So.2d 685, 691(¶ 18) (Miss.Ct.App.2007) (citing Gazzier v. State, 744 So.2d 776, 778-79(¶ 6) (Miss.1999)). Accordingly, we find that the trial court properly dismissed *856 Leech's claim for ineffective assistance of counsel. This issue is without merit.

4. Whether the reinstatement of Leech's suspended sentence constituted double jeopardy.
¶ 25. Leech claims that his right against double jeopardy was violated when the trial court reinstated his twenty-year suspended sentence. Leech argues that "he had successfully completed a large part of that probation, and had actually served ninety days of that sentence in the Lowndes County, Mississippi Jail."
¶ 26. Mississippi Code Annotated section 47-7-37 provides that, when a defendant is found to have violated the conditions of his probation/suspended sentence, the court "may continue or revoke all or any part of the probation or the suspension of sentence, and may cause the sentence imposed to be executed or may impose any part of the sentence which might have been imposed at the time of conviction." In construing this section, we have held that double jeopardy is violated "[o]nly if the court attempts to administer a longer sentence than what was originally conferred upon the defendant. . . ." Brunson v. State, 796 So.2d 284, 287-88(¶ 14) (Miss.Ct.App.2001) (citing Johnson v. State, 753 So.2d 449, 455(¶ 15) (Miss.Ct. App.1999)). However, where as here, the trial court reinstates a suspended sentence already levied on the defendant, no violation of double jeopardy occurs. Id.
¶ 27. At the time Leech pleaded guilty to accessory before the fact to armed robbery, the trial court imposed a definite twenty-year sentence and suspended its execution. When Leech's probation was revoked, the trial court reinstated the original sentence; the trial court did not attempt to impose a greater sentence than that already levied on Leech. Therefore, we find that Leech's right against double jeopardy was not violated.
¶ 28. We acknowledge that in May 1989, Leech was ordered to serve ninety days in the Lowndes County Jail "as a condition of his probation." Leech may very well be entitled to credit for serving these ninety days. However, a motion for post-conviction relief is not the proper means by which to seek credit for time served. Murphy v. State, 800 So.2d 525, 527-28(¶ 10) (Miss.Ct.App.2001). Leech should first seek relief from within the administrative system of the Mississippi Department of Corrections, and if relief is denied, then turn to the courts for relief. See id.

CONCLUSION
¶ 29. We find that the trial judge erred in dismissing Leech's motion for post-conviction relief as time-barred. However, after considering the motion on its merits, we find that Leech is entitled to no relief. Therefore, we affirm the judgment of the trial court.
¶ 30. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DISMISSING MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.
NOTES
[1] The exact dates of Leech's departure to and arrival from Pennsylvania are unclear in the record. In his appellate brief, Leech clarifies that "[u]pon completion of the ninety (90) days in Lowndes County Jail, Leech without authorization moved to Allentown, Pennsylvania, where he resided until his return to Columbus, Mississippi in June 2005."