ISHEE, J.,
for the Court:
¶ 1. In 2006, Sedrick Bernard Price pleaded guilty in the Harrison County Circuit Court to the transfer of a controlled substance. He was sentenced to ten years, with nine years suspended, and three years to be served on probation, all within the custody of the Mississippi De *1084 partment of Corrections (MDOC). In 2007, Price was placed on probation. Following several arrests, the Mississippi Probation Office filed a petition to revoke Price’s probation on May 29, 2009. A revocation hearing was held on August 15, 2011, and Price was ordered to serve the nine years previously suspended. Subsequently, Price filed a motion for post-conviction relief (PCR), which was denied. Price now appeals. Finding no error, we affirm.
STATEMENT OF FACTS
¶ 2. On October 16, 2006, Price pleaded guilty to the transfer of a controlled substance. After being released from prison on probation in July 2007, Price moved to Florida. In 2009, Price was arrested in Florida on two separate occasions for driving with a suspended or revoked license and dealing in stolen property. Subsequently, the Mississippi Probation Office filed a petition on May 29, 2009, to revoke Price’s probation, citing these two Florida arrests. On October 29, 2010, the petition was amended to reflect additional charges of driving with a suspended or revoked license, a charge of possession of cocaine, and a charge of possession of a controlled substance. The charges were brought in Florida and Price was later incarcerated.
¶ 3. Price was returned from Florida to Mississippi during his Florida incarceration for a probation-revocation hearing held on August 15, 2011. During the hearing, Price admitted to the charges, and the circuit court found that Price had violated the terms of his probation. As such, Price’s probation was revoked, and he was ordered to serve the nine years previously suspended on his 2006 conviction of transfer of a controlled substance. Subsequently, Price filed a PCR motion, which was denied. Aggrieved, Price now appeals.
DISCUSSION
¶ 4. A circuit court’s denial of a PCR motion will not be disturbed unless the decision was clearly erroneous. Bell v. State, 105 So.3d 401, 403 (¶ 5) (Miss.Ct.App.2012) (citing Smith v. State, 12 So.3d 563, 564 (¶4) (Miss.Ct.App.2009)). Questions of law are reviewed de novo. Id.
¶ 5. Price argues that the circuit court erred in denying his PCR motion. He contends that the circuit court did not have the authority to revoke his probation and reinstate his suspended sentence, because his probation had expired by the time it was revoked. Price’s probation began in July 2007 and was revoked in August 2011.
¶ 6. “Probation may be lawfully revoked beyond the probationary period if a revocation petition is filed prior to the end of the probationary period — an act deemed to ‘toll’ the running of the probationary period — and the State acts on the petition within a reasonable time.” Leech v. State, 994 So.2d 850, 853 (¶ 14) (Miss.Ct.App.2008). “If this were not the law, then a probationer who violates his probation on the last day of the five [5] year period would have to be caught and given a hearing that day or his probation could not be revoked. Such reasoning would be absurd and is not the law.” Jackson v. State, 483 So.2d 1353, 1356 (Miss.1986). The petition to revoke Price’s probation was filed on May 29, 2009, well within the three-year period of Price’s probation. Therefore, Price’s probationary period had been tolled. A question remains, however, as to whether the State acted on the petition within a reasonable time.
¶ 7. In Leech, this Court found that “the determination of whether the State has reasonably pursued revocation is a fact-sensitive inquiry that should be made with considerations of practicality in *1085 mind.” Leech, 994 So.2d at 855 (¶ 19). Just prior to Price’s revocation hearing in August 2011, Price was incarcerated in Florida for various charges that led to the revocation of his probation. The circuit court found that the State had acted within a reasonable amount of time, considering Price’s incarceration in another jurisdiction at that time.
¶ 8. We agree. Accordingly, we find that the circuit court did not err in denying Price’s PCR motion since his probation had been lawfully revoked. This issue is without merit. We affirm the judgment of the circuit court.
¶ 9. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.