# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-00407-COA

**JUSTIN DALE PETERSON** **APPELLANT**

**v.**

**STATE OF MISSISSIPPI** **APPELLEE**

DATE OF JUDGMENT: 02/05/2019
TRIAL JUDGE: HON. CLAIBORNE McDONALD
COURT FROM WHICH APPEALED: PEARL RIVER COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT: JUSTIN DALE PETERSON (PRO SE)
ATTORNEY FOR APPELLEE: OFFICE OF THE ATTORNEY GENERAL
BY: ABBIE EASON KOONCE
NATURE OF THE CASE: CIVIL - POST-CONVICTION RELIEF
DISPOSITION: AFFIRMED - 04/07/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE J. WILSON, P.J., GREENLEE AND LAWRENCE, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1. Justin Peterson appeals from the Pearl River County Circuit Court's denial of post-conviction collateral relief (PCR). Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. In August 2006, Peterson pled guilty to one count of grand larceny in the Pearl River County Circuit Court. On September 5, 2006, the court sentenced Peterson to serve ten years in the custody of the Mississippi Department of Corrections (MDOC), with the entire period of incarceration suspended pending the completion of five years of probation. The court also

ordered Peterson to pay a $1,500 fine, restitution, and court costs.[1]

¶3.     On August 18, 2011, an MDOC officer filed an affidavit alleging that Peterson had violated the terms of his probation. The affidavit stated that Peterson had failed to report to his probation officer since April 2011 and that he had failed to make payments on his fine, restitution, and court costs since August 2009. That same day, the circuit court issued a warrant for Peterson's arrest.[2]

¶4.     On November 21, 2011, Peterson signed (1) a "waiver of rights to notice and/or waiting period prior to preliminary probation hearing," (2) a "waiver of rights to notice and/or waiting period prior to probation revocation hearing," and (3) a "waiver of right to preliminary probation revocation hearing." At the probation-revocation hearing, Peterson admitted to violating the terms of his probation. As a result, the court revoked Peterson's probation and sentenced him to serve five years in the MDOC's custody, with the remainder of his sentence to be served on post-release supervision. The court's order was filed on November 30, 2011.

¶5.     In February 2017, Peterson filed a PCR motion in the circuit court claiming that his probation was unlawfully revoked because it was revoked after the term of his probation had expired. Subsequently, Peterson filed an addendum to his PCR motion, claiming (1) he was denied a preliminary probation-revocation hearing/probable-cause hearing, (2) he was not informed of his right to counsel at the probation-revocation hearing, and (3) he was denied

_____

[1] The order was stamped as filed on September 7, 2006.

[2] The record indicates that the warrant was received and executed on September 20, 2011.

2

due process when he was deprived of the right to counsel at the probation-revocation hearing.

¶6.     In February 2019, the circuit court denied the PCR motion.  Now, Peterson appeals.

## STANDARD OF REVIEW

¶7.     "When reviewing a [circuit] court's denial or dismissal of a PCR motion, we will only disturb the [circuit] court's decision if it is clearly erroneous; however, we review the [circuit] court's legal conclusions under a de novo standard of review." *Williams v. State*, 228 So. 3d 844, 846 (¶5) (Miss. Ct. App. 2017) (quoting *Thinnes v. State*, 196 So. 3d 204, 207-08 (¶10) (Miss. Ct. App. 2016)).

## DISCUSSION

¶8.     Peterson challenges the circuit court's denial of post-conviction relief, claiming his probation was unlawfully revoked because it was revoked after the term of his probation had expired.  Although Peterson's PCR motion was untimely filed, the three-year time-bar does not apply when the petitioner claims his probation has been unlawfully revoked.  Miss. Code Ann. § 99-39-5(2)(b) (Rev. 2015).

¶9.     Mississippi Code Annotated section 47-7-37 provides in part:

> At any time during the period of probation, the court, or judge in vacation, may issue a warrant for violating any of the conditions of probation or suspension of sentence and cause the probationer to be arrested.  Any probation and parole officer may arrest a probationer without a warrant, or may deputize any other officer with power of arrest to do so by giving him a written statement setting forth that the probationer has, in the judgment of the probation and parole officer, violated the conditions of probation.  Such written statement delivered with the probationer by the arresting officer to the official in charge of a county jail or other place of detention shall be sufficient warrant for the detention of the probationer.

Miss. Code Ann. § 47-7-37 (Rev. 2011).

¶10. Peterson's five-year probationary period began to run on September 5, 2006. *See Leech v. State*, 994 So. 2d 850, 853 (¶13) (Miss. Ct. App. 2008). Therefore, his probationary period expired on September 5, 2011. A court issued a warrant for Peterson's arrest on August 18, 2011.

¶11. This Court has held that "[p]robation may be lawfully revoked beyond the probationary period if a revocation petition is filed prior to the end of the probationary period—an act deemed to 'toll' the running of the probationary period—and the State acts on the petition with a reasonable time." *Id.* at 853 (¶14) (citing *Jackson v. State*, 483 So. 2d 1353, 1356 (Miss. 1986)). The State concedes that no revocation petition was filed in this case. However, the State asserts that an arrest warrant signed by "the court or judge in vacation" tolls the running of the probationary period as well.

¶12. In *Ellis v. State*, 748 So. 2d 130 (Miss. 1999), our supreme court held that "our statutes do not specifically require the filing of a petition of revocation" and declined to adopt a rule that "the filing of such petition is a specific requirement for tolling the running of the probationary period." *Id*. at 134 (¶14). Ellis was arrested, and her probation was revoked several months after her probationary period ended. *Id*. at 134 (¶¶13-15). "[T]he only action taken by the State to pursue revocation prior to the end of the probationary period was the completion of a form warrant by a probation officer; . . . the State filed no revocation petition prior to the end of the probationary period." *Leech*, 994 So. 2d 854 (¶16) (citing *Ellis*, 748 So. 2d at 132 (¶¶4-6)). Our supreme court held that the probationary period was not tolled because the State did not take "proper action" to revoke the defendant's probation.

4

*Id.* (citing *Ellis*, 748 So. 2d at 134 (¶17)). However, the court "distinguished the probation officer's warrant from an arrest warrant 'issued by the court or a judge in vacation' within the meaning of section 47-7-37." *Id.* (citing *Ellis*, 748 So. 2d at 134 (¶14)).

¶13. In the instant case, an arrest warrant *was* issued by the court. This was sufficient to toll the probationary period. "If this were not the law, then a probationer who violates his probation on the last day of the five-year period would have to be caught and given a hearing that day or his probation could not be revoked. Such reasoning would be absurd and is not the law." *Jackson*, 483 So. 2d at 1356.

¶14. Although not raised as a separate issue, Peterson also claims that he was denied due process. Peterson suggests that he was entitled to a probable-cause hearing, and he argues that he was denied due process because he was not informed of his right to counsel or represented by counsel during the probable-cause hearing or the probation-revocation hearing. This Court has noted that due process requires both "(a) a preliminary proceeding, in the nature of a probable cause hearing, to be held promptly after a probationer is detained for an alleged parole or probation violation, and (b) a more formal final revocation hearing[.]" *Rusche v. State*, 813 So. 2d 787, 789-90 (¶7) (Miss. Ct. App. 2002). However, Peterson signed a "waiver of right to preliminary probation revocation hearing." Additionally, this Court has held that "defendants do not necessarily have a right to counsel at probation-revocation hearings." *Smith v. State*, 94 So. 3d 335, 341 (¶18) (Miss. Ct. App. 2011). "However, when the issues relevant to the hearing are complex or difficult to develop, then the court should appoint counsel for the defendant." *Id.* In this case, the issue

5

was neither complex nor difficult to develop.  Therefore, Peterson was not denied due process.

¶15.	**AFFIRMED.**

      **BARNES, C.J., CARLTON AND J. WILSON, P.JJ., WESTBROOKS, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**