# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-00919-COA

**JEROME WILLIAMS A/K/A JEROME ALFRED WILLIAMS**  **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**  **APPELLEE**

DATE OF JUDGMENT: 07/28/2020
TRIAL JUDGE: HON. ROBERT THOMAS BAILEY
COURT FROM WHICH APPEALED: LAUDERDALE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT: JEROME WILLIAMS (PRO SE)
ATTORNEY FOR APPELLEE: OFFICE OF THE ATTORNEY GENERAL
BY: MICHAEL DEWAYNE WILSON SR.
NATURE OF THE CASE: CIVIL - POST-CONVICTION RELIEF
DISPOSITION: AFFIRMED - 11/02/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE BARNES, C.J., WESTBROOKS AND McCARTY, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1.     Jerome Williams appeals from the Lauderdale County Circuit Court's denial of his motion for post-conviction collateral relief (PCR).  After a review of the record, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶2.     In August 2010, a Lauderdale County grand jury indicted Williams on the charge of manslaughter.  On January 31, 2011, he pled guilty, and the circuit court accepted his guilty plea.  On March 23, 2011, the court sentenced Williams to a term of twenty years in the custody of Mississippi Department of Corrections (MDOC), with five years to serve and fifteen years suspended, and imposed a period of five years of post-release supervision

(PRS). Williams was also ordered to pay court costs and assessments in the amount of $2,719.50. The circuit court retained jurisdiction of the case in order to be able to "alter, modify, extend, terminate, or direct the enforcement of [Williams's] sentence.

¶3. While Williams was incarcerated, he earned ninety days' jail credit (or good-time credit). On February 18, 2013, he was released from incarceration and placed on earned-release supervision (ERS). On October 28, 2013, Williams was released from ERS and placed on PRS. During this time, Williams accumulated earned-discharge credits, which allowed him to accrue time for early release from probation or parole prior to the expiration of his sentence.

¶4. On May 21, 2015, MDOC filed a petition for revocation. MDOC subsequently withdrew the petition.[1] On November 30, 2016, after a "hearing at the request of the [p]robation [o]fficer and with the agreement of the [State]" the circuit court entered an order of modification of probation, removing all of Williams's earned-discharged credits and reinstating his original discharge date due to Williams's failure to comply with the conditions of his PRS. Williams continued to defy both the sentencing and modified orders. On January 12, 2017, Williams's field officer filed another petition for revocation alleging that Williams had failed to report since September 16, 2016, and had still failed to pay court costs, assessments, and supervision fees. Williams was served with the petition and warrant on May 1, 2017, and he was held in the Lauderdale County jail until his revocation hearing

---

[1] MDOC officer William Lucy withdrew the petition because he received information that Williams had been in a serious car accident. The petition was withdrawn, and the subsequent request was made in agreement with the State.

on May 16, 2017. At the hearing, Williams's period of PRS was revoked. He was then ordered to serve the previously suspended fifteen years of his twenty-year sentence. He received credit for the sixteen days he spent in jail, plus two days he spent on a previous petition to revoke, for a total of eighteen days' credit.

¶5. On February 12, 2020, Williams filed a PCR motion asserting that "his probation was unlawfully revoked" because his sentence had expired and because the fine imposed did not match the fine in his sentencing order.[2] The circuit court denied the motion on July 28, 2020. Williams appealed on August 19, 2020.

## STANDARD OF REVIEW

¶6. The standard of review for the denial of a PCR motion is well settled; we will only disturb a decision that was clearly erroneous. *Kirksey v. State*, 728 So. 2d 565, 567 (¶8) (Miss. 1999) (citing *State v. Tokman*, 564 So. 2d 1339, 1341 (Miss. 1990)). Questions of law are reviewed de novo. *Rice v. State*, 910 So. 2d 1163, 1164 (¶4) (Miss. Ct. App. 2005) (citing *Brown v. State*, 731 So. 2d 595, 598 (¶6) (Miss. 1999)).

## DISCUSSION

### A. Revocation of Earned-Discharge Credits

¶7. Mississippi Code Annotated section 47-7-40 (Rev. 2015) provides guidance regarding the earned-discharge credit program.[3] He earned a jail credit of ninety days while

---

[2] Williams did not raise the issue of the fine in his briefing on appeal.

[3] Mississippi Code Annotated section 47-7-40 became law upon the passage of House Bill Number 585 during the Mississippi Legislature's 2014 regular session. Although section 47-7-40 has since been amended (2019 Miss. Laws ch. 466, § 36 (H.B. 1352)), the 2014 version was in effect in 2017 when Williams's period of PRS and his earned-discharge

incarcerated. He did not lose that time. It was during the PRS period that Williams began to accrue earned-discharge credits, which are not the same as accruing earned time while incarcerated. On November 30, 2016, Williams's period of PRS was modified by the circuit court, revoking **all** his earned-discharge credits as an alternative to revoking his PRS. This was done at the behest of the probation officer and prosecutor. Nothing prohibited the rescindment of his earned-discharged credits while on PRS.

¶8. Williams's appeal extends to earned-discharge credits that were allegedly not properly taken into account by the circuit court in the final order revoking his PRS period. The order states that Williams had failed to report as required since September 2016, in addition to failing to pay fees and court assessments. As of the date he absconded in September 2016, Williams was no longer accruing earned-discharge credits. *See* Miss. Code Ann. § 47-7-40(3) (stating that no earned-discharge credits will accrue when an "offender has absconded from supervision"). Because Williams was no longer receiving earned-discharge credits as of September 2016 and because the November 30, 2016 order of modification had already revoked **all** earned-discharge credits, when the revocation order was entered on May 16, 2017, there were no earned-discharge credits to be addressed by the circuit court.

## B.     Revocation of Period of Post-Release Supervision

¶9. Williams asserts that his PRS period was unlawfully revoked because his sentence had expired. On March 23, 2011, the circuit court sentenced him to twenty years in the custody of MDOC, with five years to serve and fifteen years suspended, and imposed five years of

---

credits were revoked.

4

PRS. On October 28, 2013, Williams was released from ERS and placed on PRS. Williams's PRS period was revoked on May 16, 2017.

¶10. Beginning in September 2016, Williams failed to report to his field officer (i.e., absconded from supervision). As such, any applicable revocation is governed by Mississippi Code Annotated section 47-7-37.1 (Rev. 2015), which states that

> if a court finds by a preponderance of the evidence, that a probationer or a person under post-release supervision has committed a felony or absconded, the court may revoke his probation and impose any or all of the sentence. For purposes of this section, "absconding from supervision" means the failure of a probationer to report to his supervising officer for six (6) or more consecutive months.

¶11. In *Leech v. State*, 994 So. 2d 850, 853 (¶11) (Miss. Ct. App. 2008), "Leech argue[d] that the trial court lacked authority to revoke his probation and reinstate his suspended sentence because his five-year probationary period had expired at the time his probation was revoked." Although not dispositive of Leech's case, this Court stated that "Leech's five-year probationary period began to run on May 12, 1988, when he was released on supervised probation following suspension of the original sentence." *Id.* at (¶13). In this instance, Williams's five-year PRS period began to run on October 28, 2013 (with an expiration of October 28, 2018) when he was released from ERS and placed on PRS. Thus, in keeping with *Leech*, when Williams's PRS period was revoked on May 16, 2017, the five-year PRS period had yet to expire. Williams violated the terms of his PRS, and the period of PRS was revoked in a timely manner.

### C. Due Process Violations

¶12. Despite the fact that the November 16, 2016 order clearly indicates that it was entered

5

subsequent to a hearing, Williams argues that a due process violation occurred because no hearing was held before he forfeited earned-discharge credits. *See Rowland v. State*, 42 So. 3d 503, 506 (¶9) (Miss. 2010) (holding that "[e]rrors affecting fundamental constitutional rights are excepted from the procedural bars"). But it is well settled that "neither the Due Process Clause nor Mississippi law gives rise to a protected liberty interest in the form of an expectation of release on probation." *Smith v. State*, 580 So. 2d 1221, 1226-27 (Miss. 1991).

¶13. Williams also argues for the first time on appeal that his due process rights were violated because he was not represented by counsel at his revocation hearing. "It is a long-established rule in this state that a question not raised in the trial court will not be considered on appeal." *City of Hattiesburg v. Precision Const. LLC*, 192 So. 3d 1089, 1093 (¶18) (Miss. Ct. App. 2016) (quoting *Adams v. Bd. of Sup'rs of Union Cnty.*, 177 Miss. 403, 170 So. 684, 685 (1936)). Therefore, we find this argument to be meritless and will not address it.

## CONCLUSION

¶14. Finding that the circuit court did not abuse its discretion or make a clearly erroneous decision in denying Williams's PCR motion, we affirm.

¶15. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, McDONALD, LAWRENCE AND EMFINGER, JJ., CONCUR. McCARTY, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. SMITH, J., NOT PARTICIPATING.**