796 So.2d 284 (2001)
Jerry Ross BRUNSON, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-CP-01560-COA.
Court of Appeals of Mississippi.
October 2, 2001.
*285 Jerry Brunson, Appellant, Pro Se.
Office of the Attorney General by Wayne Snuggs, Jackson, Attorney for Appellee.
Before KING, P.J., BRIDGES, and IRVING, JJ.

PROCEDURAL HISTORY AND FACTS
BRIDGES, J., for the Court:
¶ 1. This appeal arises from the denial of post-conviction relief to Jerry Ross Brunson in the Circuit Court of the Second Judicial District of Jones County, Mississippi, Honorable Billy Joe Landrum presiding. Brunson pled guilty to the crime of felony shoplifting/third offense and was sentenced to a term of five years in the custody of the Mississippi Department of Corrections. Brunson had served nine months in county jail prior to his sentencing and this time was credited to him, leaving four years and three months remaining in his sentence, which was suspended by the court. It was then ordered that Brunson be placed on supervised probation for a period of two years. As well, Brunson was ordered to pay a fine of one thousand dollars, court costs of two hundred nineteen dollars and restitution to Jones County in the amount of five hundred dollars. These amounts totaling $1719 were ordered to be paid beginning ninety days into Brunson's probation period at the rate of seventy-five dollars per month.
¶ 2. In addition, the court ordered that Brunson obtain his GED before being released from custody, that he participate in the court's community service program and participate in a drug/alcohol rehabilitation program if recommended by the Department of Corrections.
¶ 3. On February 11, 1998, Brunson was issued a discharge certificate crediting him with the nine months served in county jail and remanding him to the supervision of the Mississippi Probation and Parole Board to complete the suspended portion of his sentence.
¶ 4. On August 13, 1998, a warrant was issued for Brunson's arrest for violation of the conditions of his probation. Following a revocation hearing on November 16, 1998, the court revoked Brunson's probation and ordered him to serve the original sentence of five years minus the nine months already served. Brunson thereafter filed his motion for post-conviction relief and such motion was denied by the trial court on August 15, 2000. Brunson filed his notice of appeal on September 18, 2000, and now prays that this Court will vacate his sentence, finding that the reinstatement of his original sentence was unlawful. He asserts that he should only have to serve two years since that was the length of his probation period. Brunson contends that he has been subjected to double jeopardy because he claims that he has already been credited for the four *286 years and three months that he is being required to serve.

LEGAL ANALYSIS
¶ 5. This Court is not obligated to review this case based on errors cited by Brunson because Brunson has submitted no case law or other authority to support his claims. He has only put forth his own confused assertions and admitted uncertainty regarding the interpretations of the statutes that rule this case. See Ratcliff v. State, 752 So.2d 435 (¶ 7) (Miss.Ct.App. 1999); Harveston v. State, 742 So.2d 1163 (¶ 20) (Miss.Ct.App.1999); Hewlett v. State, 607 So.2d 1097, 1107 (Miss.1992). The Mississippi Supreme Court has ruled that "where a party fails to cite case law in support of his argument, we are not bound to address his assertions of error." Ratcliff, 752 So.2d at (¶ 7) (citing Hewlett, 607 So.2d at 1107).
¶ 6. In his brief before this Court, Brunson gives us no list of authorities to which we may refer to more readily consider Brunson's arguments against the State. This is not acceptable. There is ample law published on the subjects of unlawful sentences, suspension of sentences, revocation of probation, re-sentencing after revocation of probation, etc., which Brunson could have used to better formulate his arguments. Obviously, it is not up to this Court to do Brunson's research for him. Because he cites no authority, we are not required to review his complaints on appeal from the denial of his motion for post-conviction relief. Ratcliff, 752 So.2d at ¶ 7.
¶ 7. However, despite Brunson's failure to properly prepare his appeal before this Court, thereby creating a procedural bar to his claims, we will go forth with a brief discussion of these issues in order that Brunson may better understand why his arguments challenging his sentence contain no merit.
¶ 8. The maximum penalty allowed for the crime of felony shoplifting/third offense is found in Miss.Code Ann. § 97-23-93(6) (Rev.2000): "Upon a third or subsequent shoplifting conviction the defendant shall be guilty of a felony and fined not more than one thousand dollars, or imprisoned for a term not exceeding five years, or by both such fine and imprisonment." In the instant case, Brunson received the full five year sentence with four years and three months suspended, having already served nine months in the county jail. It was also ordered that Brunson serve two years of supervised probation, including the additional requirements of pursuing a GED, payment of $1719 in fines, court costs and restitution and participating in the court's community service program.
¶ 9. Brunson fulfilled none of these obligations to the court. He did not meet with his probation officer as required, he did not pay the fines and restitutions required of him after the ninety-day period and he never once graced the court with his presence in the community service program. As such, a warrant was obtained for his arrest and he was again brought before the court to explain why he had violated almost every condition of his probation. The court found at that hearing that Brunson had no real excuse for breaching his probation agreement and that he showed absolutely no remorse for it. Additionally, the record shows that Brunson explicitly told the judge that he would rather be in prison than work to pay his debt to the court and to society. As such, the judge revoked Brunson's probation and gave him his wish, sentencing him to the original four years and three months. This Court has ruled that the courts are completely empowered to revoke any or all of a defendant's probation, as well as any and all of a defendant's suspended sentence if the *287 court finds that the defendant violated any of the conditions of his probation. Johnson v. State, 753 So.2d 449 (¶ 14) (Miss.Ct. App.1999).
¶ 10. Brunson complains that it was error on the part of the court to add the four-year, three-month sentence to his two-year probation period and that doing so placed the court in violation of Miss. Code Ann. § 97-23-93(6) (Rev.2000). First of all, Brunson is quite mistaken in his assertion that the four years and three months was added to his two-year probation. Secondly, "when a defendant is found to have violated the terms and conditions of his probation, the court has the power to impose any sentence which would have been originally imposed." Johnson, 753 So.2d 449 at (¶ 15).
¶ 11. In Carter v. State, the Mississippi Supreme Court concluded that probation is not considered to be a part of the original prison sentence. Carter v. State, 754 So.2d 1207, 1209 (Miss.2000). "No part of the time that one is on probation shall be considered as any part of the time that he shall be sentenced to serve." Id. Therefore, Brunson's two-year probation period would not be added to his original five-year sentence when calculating time to be served, and reinstating the full original sentence would not violate the statutory maximum for Brunson's crime under Miss. Code Ann. § 97-23-93(6) (Rev.2000).
¶ 12. Brunson argues before this Court that because his original four-year, three-month sentence was suspended, it was error on the lower court's part to reinstate that same sentence upon Brunson's violation of his probation. Brunson asserts that the court should have instead only required him to serve two years, the amount of time set forth for his probation. Brunson's theory is that, because his original four-year, three-month sentence was suspended, he has already received credit for that time, almost as though he has already served it. He asserts that the two-year probation period replaced that original sentence and he assumes that the four-year, three-month sentence cannot now be reinstated or he will be subjected to double jeopardy. Once again, Brunson assumes incorrectly.
¶ 13. The credit that Brunson is speaking of was only for the nine-month period that he spent in county jail awaiting his plea and sentencing. The discharge certificate received by Brunson on February 11, 1998, plainly states that he was discharged only from that nine months because he had completed service of such. It specifies that Brunson is still required to "complete the suspended portion of his sentence." Therefore, to clear up Brunson's confusion on this point, the only portion of his sentence which was infinitely discharged is the nine months in county jail he has already served.
¶ 14. On the issue of double jeopardy, we look to Miss.Code Ann. § 47-7-37 (Supp.2000), where it is decisively stated that, upon the defendant's violation of his probation, it is well within the court's power to revoke his probation or his suspended sentence and cause any or all of the original sentence to be imposed on the defendant. The court may not impose a sentence greater than the original sentence, but can sentence the defendant to the full original sentence if it deems such an action necessary. See also Johnson, 753 So.2d at (¶ 15). Only if the court attempts to administer a longer sentence than what was originally conferred upon the defendant will it be considered double jeopardy. Id. See Wallace v. State, 607 So.2d 1184, 1187 (Miss.1992); Leonard v. State, 271 So.2d 445, 447 (Miss.1973). However, reinstating the suspended sentence first levied upon the defendant is *288 proper and is not in violation of the double jeopardy clause as Brunson would suggest. Johnson, 753 So.2d at (¶ 15); Leonard, 271 So.2d at 447.
¶ 15. We find that the lower court's decision to deny post-conviction relief to Brunson should be upheld. We would further like to point out that, clearly, Brunson does not fully understand the generosity extended to him by the lower court when it offered him two years probation and suspension of his five-year sentence. Evidently, Brunson did not appreciate this leniency in the least or he would have made an attempt to fulfill his obligations to the court in order to remain on probation rather than be imprisoned. Brunson actually stated to the court that he would rather spend time in a penitentiary than work to pay his debts to the court or joining in a program to serve the community.
¶ 16. In looking to Miss.Code Ann. § 47-7-33 (Supp.2000), we point out that the lower court should have never offered this probation to Brunson at all. The statute clearly states that the court may use its discretion to suspend a defendant's sentence, substituting a probation period instead, unless "the defendant has been convicted of a felony on a previous occasion in any court or courts of the United States and of any state or territories thereof...." Miss.Code Ann. § 47-7-33(1) (Supp.2000). As has been noted in the record and in the State's brief, this was Brunson's third conviction on the very same charge of felony shoplifting. As such, he would have never been entitled to probation in lieu of his suspended sentence because of those previous convictions. But, that no longer matters in this case, as Brunson has since violated his probation and finds himself back in prison.
¶ 17. We affirm Brunson's sentence of four years and three months in the custody of the Department of Corrections, recognizing that he has received credit for the nine months already served prior to his plea and original sentencing.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF THE SECOND JUDICIAL DISTRICT OF JONES COUNTY DENYING POST CONVICTION RELIEF IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JONES COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.