BRIDGES, J.,
for the court.
¶ 1. Joel Britt pled guilty to accessory after the fact of burglary on January 11, 1999. Britt was given three years of supervised probation, and a five year suspended sentence. On September 27, 2000, a hearing was held in which Britt’s supervisory probation was revoked for testing positive for marijuana and cocaine use, and for being indicted for three sales of marijuana. It was at this time that Britt’s suspended five year sentence was imposed. On August 26, 2002, Britt filed for post-conviction relief which the trial court later denied. Britt then filed a notice of appeal to this Court. On December 30, 2002, the court issued a deficiency notice to Britt but later gave him an extension to file his brief. On January 6, 2003, well within the extension period, Britt submitted his post-conviction relief petition with the trial court, apparently as a substitute for his appellate brief. The State makes an issue out of whether Britt’s motion should be treated as an appellate brief, however, this Court, finding that the Appellant is pro se, has decided to grant lenience on this procedural matter and will decide Britt’s issue on the merits.
STATEMENT OF THE ISSUE
WHETHER BRITT WAS SUBJECTED TO DOUBLE JEOPARDY.
ANALYSIS
¶ 2. Britt claims that he was denied his right against double jeopardy by the rein *700 statement of his original sentence. Britt complains that there was no reduction of his five year sentence for the period of time during which he was on probation. Britt asserts that the time he was on probation should count as a sentence previously served, and there should be a corresponding reduction of his five year sentence.
¶ 3. This Court, in Brunson v. State, 796 So.2d 284, 288(1115) (Miss.Ct.App.2001), held that it was not a violation of double jeopardy to sentence a prisoner to his original sentence after his probation was revoked. In that case, Brunson was given a four year and three month sentence, after his probation was revoked. Id. at 287(1112). He too complained that this suspended sentence was being “added” to the time he had been on probation. Id. This Court pointed out that time spent on probation is not to be considered part of a prisoner’s sentence.
Only if the Court attempts to administer a longer sentence than what was originally conferred upon the defendant will it be considered double jeopardy. However, reinstating the suspended sentence first levied upon the defendant is proper and is not in violation of the double jeopardy clause as Brunson would suggest.
Id. at 287(¶ 14) (citations omitted).
¶4. Also in Carter v. State, 754 So.2d 1207, 1209(¶ 5) (Miss.2000), the Mississippi Supreme Court stated that “probation,” as was given in the instant case, was not to be construed as part of a prison sentence and was therefore not subject to the “totality” of the sentence concept as stated in Mississippi Code Annotated section 47-7-34 (Rev.2000).
Miss.Code App. § 47-7-34 (Supp.1999) provides, in pertinent part, that “no part of the time that one is on probation shall be considered as any part of the time that he shall be sentenced to serve.”
Id. at 1209(¶ 7).
¶ 5. The record reflects that Britt’s original five year sentence was reinstated only after his three year supervised probation had been revoked. The reason for the revocation was Britt’s indictment for three sales of marijuana and for testing positive for marijuana and cocaine use. Based on the aforementioned caselaw, the reinstatement of the suspended sentence did not amount to double jeopardy. Therefore, this issue lacks merit.
¶ 6. THE JUDGMENT OF THE WEBSTER COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO WEBSTER COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.