IRVING, P.J.,
for the Court:
¶ 1. Terry Mark Ashmore pleaded guilty to one count of conspiracy to sell morphine, a controlled substance, and two counts of the sale of morphine. The Coa-homa County Circuit Court sentenced Ashmore to five years for the conspiracy conviction and to ten years for each sale-of-morphine conviction, with the sentences to run concurrently, all in the custody of the Mississippi Department of Corrections. Ashmore filed a pro se motion for post-conviction relief (PCR), alleging that the indictment was improper, that his sentence was contrary to his plea agreement, and that he received ineffective assistance of counsel. The circuit court summarily dismissed Ashmore’s PCR motion. Feeling aggrieved, Ashmore appeals and argues *305 that the circuit court erred in dismissing his PCR motion.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. On December 8, 2009, law enforcement officials arrested Ashmore, along with a female codefendant, for conspiracy to sell a controlled substance and for the sale of a controlled substance. Ashmore insisted that he was arrested only for the unauthorized sale of Klonopin. The indictment alleged that Ashmore and his female codefendant had conspired to sell morphine and that Ashmore had, on two separate occasions, sold morphine. Ashmore pleaded guilty to the charges in the indictment. The circuit court determined that Ashmore’s pleas were “knowingly, understandably, freely, and voluntarily made” and accepted Ashmore’s guilty pleas to all counts of the indictment.
¶ 4. Additional facts, as necessary, will be related during our analysis and discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 5. The circuit court may summarily dismiss a PCR motion without an evi-dentiary hearing “[i]f it plainly appears from the face of the motion, any annexed exhibits[,] and the prior proceedings in the case that the movant is not entitled to any relief[.]” Miss.Code Ann. § 99-39-11(2) (Supp.2013). An appellate court will not reverse a circuit court’s dismissal of a PCR motion unless the circuit court’s decision was clearly erroneous. Means v. State, 43 So.3d 438, 441 (¶ 6) (Miss.2010). However, questions of law are reviewed de novo. Id. The record does not demonstrate that the circuit court’s dismissal of Ashmore’s PCR was clearly erroneous.

I. Defective Indictment

116. Ashmore contends that his indictment was defective because, while he was arrested for the sale of Klonopin, the indictment charged him with the sale of morphine. First, it is well settled that a valid guilty plea waives all technical and non-jurisdictional defects or insufficiencies in the indictment, except the failure to charge an essential element of the crime and the circuit court’s lack of subject-matter jurisdiction. Joiner v. State, 61 So.3d 156, 159 (¶ 7) (Miss.2011). Ashmore does not challenge the indictment on either of these grounds. Also, based on the record, Ashmore entered a knowing and voluntary guilty plea; thereby waiving appellate review of all other defects in the indictment.
¶ 7. Waiver aside, Ashmore’s claim is without merit. During the plea hearing, the court informed Ashmore that he was charged with and was pleading guilty to selling morphine. After the State read Count II of the indictment, the court engaged in the following exchange with Ash-more:
COURT: Mr. Ashmore, do you understand the charge of sale of a controlled substance, that being morphine, as stated in Count II of the indictment?
ASHMORE: Yes, sir.
COURT: Did you commit that crime, sir?
ASHMORE: Yes, sir.
The court had an identical exchange with Ashmore after the State read Count IV of the indictment, which also charged Ash-more with the sale of morphine. Additionally, the State gave the following factual basis to support Ashmore’s plea:
If this matter were to go to trial, the State would prove through testimony from members of the Clarksdale Police Department’s Narcotics Unit, including
*306 Ricky Bridges, Vincent Ramirez, and Joseph Wide, as well as the confidential informant’s testimony whose name is Sam Guest, your Honor, that on these two dates in question, September 14th and September 16th, 2009, that the narcotics unit met with the confidential informant and supplied him with bills, officially issued bills, to use in the controlled buy; that they outfitted him with video and audio surveillance.... The confidential informant traveled to the defendant’s home, met with him for a period of time and eventually exchanged twenty dollars for some Klono-pin pills, and, yes, that’s with — as to Terry Ashmore.
[T]he confidential informant then returned to the Clarksdale Police Department’s Narcotics Unit and surrendered the pills. They were eventually taken to the Mississippi Crime Lab and tested by Rob Reid and determined to be morphine, your Honor.
(Emphasis added).
¶ 8. The factual basis supporting Ash-more’s pleas, as recited by the State, revealed that even though Ashmore thought that he sold Klonopin to the confidential informant, diagnostic testing revealed that the pills were actually morphine. Therefore, Ashmore’s indictment was not defective because it stated that Ashmore sold morphine instead of Klonopin. Also, Ash-more heard the State’s presentation and knowingly and voluntarily entered guilty pleas to these charges. This issue is without merit.

II. Enhanced Penalty

¶ 9. Ashmore argues that the circuit court violated his due-process rights by enhancing his sentences after his trial attorney informed him that the State would not seek any sentence enhancements. The record clearly belies Ash-more’s argument. Ashmore’s guilty-plea petition, which he admitted that he read and signed, indicated that Ashmore understood that the sentence for each count of the sale of morphine could be a maximum of sixty years. In fact, on the guilty-plea petition, Ashmore wrote “enhanced — each count” beside the charges for the sale of morphine. Thus, he was aware that the State sought the enhanced penalty for each sale-of-morphine conviction.
¶ 10. It is clear from the record, however, that the circuit court did not enhance Ashmore’s sentences. Prior to accepting Ashmore’s guilty pleas, the court explained to Ashmore that he could be sentenced to a maximum of 125 years as a result of the sentencing enhancements for each conviction of the sale of morphine. Yet, in accordance with the recommended sentencing from the State, the court gave Ashmore a combined sentence amounting to one-fifth of the time that he could have received according to statutes. Additionally, Ash-more remains eligible for parole or probation. Accordingly, as the circuit court did not enhance Ashmore’s sentences, this issue is without merit.

III. Ineffective Assistance of Counsel

¶ 11. Ashmore’s final challenge in his PCR motion is that he received ineffective assistance of counsel. This Court has previously held that a voluntary guilty plea waives claims of ineffective assistance of counsel, “except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea.” Hill v. State, 60 So.3d 824, 827 (¶ 6) (Miss.Ct.App. 2011). Ashmore does not contend that his guilty plea was involuntary. Specifically, Ashmore asserts that his trial counsel was ineffective because counsel allegedly told Ashmore that the State would not pursue sentencing enhancements and counsel never informed Ashmore that he could chai- *307 lenge the identity of the substance that he sold to the confidential informant.
¶ 12. To succeed on an ineffective-assistance-of-counsel claim, the petitioner must satisfy the two-pronged test espoused by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Mississippi Supreme Court in Stringer v. State, 454 So.2d 468, 476 (Miss.1984). “First, the defendant must show that counsel’s performance was deficient.... Second, the defendant must show that the deficient performance prejudiced the defense.” Id. at 477 (quoting Strickland, 466 U.S. at 687, 104 S.Ct. 2052). When a defendant pleads guilty, “he must show unprofessional errors of substantial gravity.” Cole v. State, 918 So.2d 890, 894 (¶ 10) (Miss.Ct.App. 2006) (citing Reynolds v. State, 521 So.2d 914, 918 (Miss.1988)). The defendant must demonstrate that his counsel’s “conduct proximately resulted in [a] guilty plea, and [that] but for counsel’s errors, he would not have entered the plea.” Id. (citing Reynolds, 521 So.2d at 918). Moreover, “[i]n cases involving post-conviction collateral relief, where a party offers only his affidavit, then his ineffective[-]assistance[of-eounsel] claim is without merit.” Cherry v. State, 24 So.3d 1048, 1051 (¶ 6) (Miss. Ct.App.2010) (citation and internal quotation marks omitted).
¶ 13. To support his argument, Ashmore offers only his own affidavit alleging deficiency on the part of his trial counsel. Although Ashmore’s affidavit listed other witnesses that would attest to the statements made by his trial attorney, he failed to submit affidavits from these potential witnesses and failed to state why he could not obtain affidavits from the potential witnesses. See Miss.Code Ann. § 99 — 39—9(1)(e) (Supp.2013). Accordingly, Ashmore was not entitled to an evidentiary hearing on his ineffective-assistance-of-counsel claim.
¶ 14. Consequently, because Ashmore entered a valid guilty plea, in which he knowingly and voluntarily pleaded guilty to conspiracy to sell a controlled substance and two counts of the sale of morphine, and accepted a sentence less than the sentence allowed by law, the circuit court did not err in dismissing his PCR motion. This issue is without merit.
¶ 15. THE JUDGMENT OF THE COAHOMA COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.