FAIR, J.,
for the Court:
¶ 1. On April 1, 1988, Thomas Scott pled guilty to murder under Mississippi Code Annotated section 97 — 8—19(l)(c) (Rev.2006). He was sentenced to life imprisonment in the custody of the Mississippi Department of Corrections. Thirty years later, on June 12, 2013, Scott filed a motion for post-conviction relief (PCR), alleging that he received an illegal sentence due to a defective indictment and ineffective assistance of counsel. The Jones County Circuit Court held that Scott’s PCR motion was time-barred since it was filed outside the three-year statute of limitations established by Mississippi Code Annotated section 99-39-5(2) (Supp.2013). Scott appeals. Finding no error, we affirm.
STANDARD OF REVIEW
¶ 2. The trial court may summarily dismiss a PCR motion without an evi-dentiary hearing “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.” Miss.Code Ann. § 99-39-11(2) (Supp.2013). To succeed on appeal, the movant must: (1) make a substantial showing of the denial of a state or federal right and (2) show that the claim is procedurally alive. Young v. State, 731 So.2d 1120, 1122 (¶ 9) (Miss.1999).
¶ 3. When this Court reviews the trial court’s dismissal of a PCR motion, we “will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. However, where questions of law are raised[,] the applicable standard of review is de novo.” Terry v. State, 755 So.2d 41, 42 (¶ 4) (Miss.Ct.App.1999).
DISCUSSION
¶ 4. Scott pled guilty in 1983 but did not file his PCR motion until 2013, well past the three-year statute of limitations. See Miss.Code Ann. § 99-39-5(2). Claims made outside of the three-year statute of limitations must raise one of the exceptions found in section 99-39-5(2)(a)-(b). Therefore, “we look to see whether an exception to these procedural bars applies. The burden falls on the movant to show he has met a statutory exception.” White v. State, 59 So.3d 633, 635 (¶ 8) (Miss.Ct.App.2011) (citation omitted).
¶ 5. Errors affecting fundamental constitutional rights are excepted from procedural bars that would otherwise prohibit their consideration. Rowland v. *36 State, 42 So.3d 503, 507 (¶ 12) (Miss.2010). But mere assertions of constitutional-rights violations do not suffice to overcome the procedural bar. Chandler v. State, 44 So.3d 442, 444 (¶ 8) (Miss.App.Ct.2010). “There must at least appear to be some basis for the truth of the claim before the [procedural bar] will be waived.” Id.
1. Defective Indictment
¶ 6. Scott claims he was indicted for capital murder, pled guilty to the lesser offense of murder, and was sentenced to life imprisonment under the capital-murder statute.
¶ 7.. The purpose of an indictment is to provide a defendant notice and a reasonable description of the charges against him so that he may prepare an adequate defense. Williams v. State, 445 So.2d 798, 804 (Miss.1984). Further, the indictment is required to have only a clear and concise statement of the elements of the crime charged, nothing more. Id.
¶ 8. Scott was neither indicted nor sentenced for capital murder, as he claims. Rather, Scott was indicted for felony murder. The indictment read that Scott “did unlawfully, willfully, and feloniously, kill and murder one James Keyes, a human being, while engaged in the commission of the crime of sexual battery, upon him, in violation of Section 97-3-19, (l)(e).... ” At the time Scott committed the crime, Mississippi Code Annotated section 97-3-19(l)(c) read as follows:
(1) The killing of a human being without the authority of law by any means or in any manner shall be murder in the following cases ...
(c) When done without any design to effect death by any person engaged in the commission of any felony other than rape, kidnaping, burglary, arson, or robbery....
See 1983 Miss. Laws, Ch. 429, § 1 (SB 2699). The sentencing order shows Scott pled guilty to murder and was sentenced to a term of life imprisonment.
¶ 9. Scott also argues that his indictment was fatally defective because it did not allege the killing was done with “deliberate design,” “malice aforethought,” or “premeditated design.” Scott was indicted for felony murder. This argument has no merit.
¶ 10. At his plea colloquy, Scott testified that understood his indictment was for murder, to which he desired to enter a guilty plea. It is well settled that a valid guilty plea waives all technical and non-jurisdictional defects in the indictment except the failure to charge an essential element of the crime and lack of subject-matter jurisdiction. See Joiner v. State, 61 So.3d 156, 158-59 (¶ 7) (Miss.2011) (citing Conerly v. State, 607 So.2d 1153, 1156 (Miss.1992)). Notwithstanding his waiver, Scott’s indictment was sufficient to provide him reasonable notice of the charges against him. This issue is without merit.
2. Ineffective Assistance of Counsel
¶ 11. Scott argues his attorney was ineffective by allowing him to plead guilty to a defective indictment. To succeed on an ineffective-assistance-of-counsel claim, the appellant must satisfy the two-pronged test laid out in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Mississippi Supreme Court in Stringer v. State, 454 So.2d 468, 476-77 (Miss.1984). “First, the defendant must show that counsel’s performance was deficient. ... Second, the defendant must show that the deficient performance prejudiced the defense.” Id. at 477 (quoting Strickland, 466 U.S. at 687, 104 S.Ct. 2052). An ineffective-assistance-of-counsel claim must be sufficiently supported to *37 overcome the time-bar. Barnes v. State, 949 So.2d 879, 881 (¶¶7-8) (Miss.Ct.App.2007). As already discussed, Scott’s indictment was not defective. Accordingly, this issue is without merit.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF JONES COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JONES COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ., CONCUR.