# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-01121-COA

**DERIERA MAGEE A/K/A DERIE'RA MAGEE**                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                                 **APPELLEE**

DATE OF JUDGMENT:                    07/25/2013
TRIAL JUDGE:                                HON. ANTHONY ALAN MOZINGO
COURT FROM WHICH APPEALED:    PEARL RIVER COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         DERIERA MAGEE (PRO SE)
ATTORNEY FOR APPELLEE:           OFFICE OF THE ATTORNEY GENERAL
                                                   BY: BARBARA WAKELAND BYRD
NATURE OF THE CASE:                  CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:          DISMISSED MOTION FOR POST-
                                                   CONVICTION RELIEF
DISPOSITION:                               AFFIRMED - 12/09/2014
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE IRVING, P.J., BARNES AND CARLTON, JJ.

### BARNES, J., FOR THE COURT:

¶1.     On July 21, 2000, Deriera Magee pleaded guilty to possession of a controlled substance in Cause No. K-2000-013P and was sentenced to fourteen years, with six years to serve in the custody of the Mississippi Department of Corrections (MDOC) and eight years of post-release supervision (PRS).

¶2.     Subsequently, on May 17, 2001, Magee pleaded guilty to possession of a controlled substance with intent to distribute in Cause No. K-2001-094E, and he was sentenced to fifteen years. Five years were to be served in the custody of the MDOC, consecutively to his

prior six-year sentence; the remaining ten years were to be served on PRS concurrently with the eight years of PRS already imposed.

¶3. Magee was discharged from MDOC's custody on April 29, 2008, to begin serving his two concurrent PRS terms. However, on March 27, 2009, Magee was arrested and charged with possession of a controlled substance with intent to distribute. As a result, the Pearl River County Circuit Court revoked Magee's eight-year term of PRS (Cause No. K-2000-013P) on July 21, 2009. Inexplicably, the record reflects that prior to the revocation, a field officer had filed a "Petition for Termination of Post-Release" for Cause No. K-2001-094E on May 19, 2009, stating that Magee "ha[d] met the conditions of his [PRS]."[1]

¶4. On September 5, 2012, Magee filed a motion for post-conviction relief (PCR), contending that the revocation of his PRS for the 2000 sentence violated his rights against double jeopardy, false arrest, and false imprisonment. He also brought a claim for ineffective assistance of counsel. The Pearl River County Circuit Court judge dismissed Magee's PCR motion as being procedurally time-barred under Mississippi Code Annotated section 99-39-5(2) (Supp. 2012). The judge also noted that Magee failed to cite any authority to support his arguments. Finding no error, we affirm.

## STANDARD OF REVIEW

¶5. A PCR motion may be summarily dismissed by a circuit court without an evidentiary

---

[1] The petition to terminate his PRS erroneously stated that Magee had seven years to serve, with eight years of PRS for Cause No. K-2001-094E. However, despite his argument to the contrary, this clerical error is not relevant to Magee's PCR motion or appeal.

hearing "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." Miss. Code Ann. § 99-39-11(2) (Supp. 2014). "To succeed on appeal, the movant must: (1) make a substantial showing of the denial of a state or federal right and (2) show that the claim is procedurally alive." *Scott v. State*, 141 So. 3d 34, 35 (¶2) (Miss. Ct. App. 2014) (citing *Young v. State,* 731 So. 2d 1120, 1122 (¶9) (Miss. 1999)). Unless the circuit court's decision is "clearly erroneous," we will not reverse its dismissal of a PCR motion. *Ashmore v. State*, 127 So. 3d 303, 305 (¶5) (Miss. Ct. App. 2013) (citing *Means v. State,* 43 So. 3d 438, 441 (¶6) (Miss. 2010)). "However, questions of law are reviewed de novo." *Id*.

**DISCUSSION**

¶6.     Mississippi Code Annotated section 99-39-5(1)(h) (Supp. 2014) states that a PCR movant "may file a motion to vacate, set aside or correct the judgment . . . if the person claims . . . .[t]hat his sentence has expired; his probation, parole or conditional release unlawfully revoked; or he is otherwise unlawfully held in custody[.]" In the case of a guilty plea, the failure to file a PCR motion "within three (3) years after entry of the judgment of conviction" results in a procedural bar. Miss. Code Ann. § 99-39-5(2).[2]

---

[2] Section 99-39-5(2) provides:

> *A motion for relief under this article shall be made* within three (3) years after the time in which the petitioner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction.

¶7. However, section 99-39-5(2)(b) provides an exception from the time-bar for "those cases in which the petitioner claims that his sentence has expired *or his probation, parole or conditional release has been unlawfully revoked*." (Emphasis added).[3] Despite this clearly-stated exception to the time limitation in the statute, the trial court ruled that Magee's motion was time-barred. The specially concurring opinion posits a theory under which the trial court could be correct. The concurrence contends that there is no "specific statute of limitations for unlawful-revocation claims"; therefore, Magee's claim is statutorily time-barred under Mississippi Code Annotated section 15-14-49 (Rev. 2012), the "catch-all" statute of limitations. In a recent case, *Fluker v. State*, 2013-CP-00608-COA, 2014 WL 2723882, at *4 (¶18) (Miss. Ct. App. June 17, 2014) (petition for certiorari filed Nov. 10, 2014), our Court stated in dicta that the general statute of limitations of section 15-1-49 would be an additional bar to Patrick Fluker's PCR motion.[4] However, upon a more thorough

_____

(Emphasis added).

[3] Other exceptions outlined in section 99-39-5(2) are those cases where "there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence[,]" cases where a petitioner "has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence[,]" and those cases where biological evidence, not previously tested, exists "that would provide a reasonable likelihood of more probative results and that testing would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution."

[4] "Dicta are statements 'not necessary to the court's ruling.'" *Smith v. Normand Children Diversified Class Trust*, 122 So. 3d 1234, 1237 (¶5) (Miss. Ct. App. 2013) (quoting

4

examination, we find this analysis contrary to the letter and spirit of the Uniform Post-Conviction Collateral Relief Act (UPCCRA).

¶8.     Section 15-1-49 provides a general three-year statute of limitations for "all actions for which no other period of limitation is prescribed[.]" Section 99-39-5(2), however, clearly provides a three-year limitation for filing post-conviction motions (that is, motions "for relief under this article" – Title 99, Chapter 39, Article 1, the Mississippi Uniform Post-Conviction Collateral Relief Act). The fact that a specific exception was created for "those cases in which the prisoner claims that . . . his probation, parole or conditional release has been unlawfully revoked"does not mean that there is no "prescribed" limitation, but rather that the Legislature, in its wisdom, has decided to except certain cases from the prescribed limitation.

¶9.     The concurring opinion argues that were we to apply the exception in section 99-39-5(2), it would provide Magee with "an unlimited amount of time to file his unlawful-revocation claim"; however, we must presume that the Legislature considered such issues when enacting the language of the UPCCRA. Section 99-39-3(1) of the UPCCRA states that "[t]he purpose of this article is to revise, streamline and clarify the rules and statutes pertaining to post-conviction collateral relief law and procedures . . . and to provide the courts of the state with an *exclusive and uniform* procedure for the collateral review of

_____

*McKibben v. City of Jackson,* 193 So. 2d 741, 745 (Miss. 1967)). The discussion regarding any applicable time-bar and exception to Fluker's PCR motion was not necessary to our disposition in that case. The motion was a successive writ, and the issue in his motion had already been raised in a 2007 (timely) PCR motion. Therefore, this Court had already concluded that res judicata prevented the relitigation of the issue. *Fluker*, 2014 WL 2723882, at *3 (¶16).

convictions and sentences." (Emphasis added). Applying section 15-1-49's "catch-all" limitation to circumvent the specific exceptions to the statute of limitation prescribed in section 99-39-5(2) would violate the letter and spirit of the law, which is to provide an "exclusive and uniform procedure" for the review of claims brought under the UPCCRA. Furthermore, if we employ the concurring opinion's rationale to other stated UPCCRA exceptions, a prisoner who was being held in custody, even though his sentence had expired, could not bring a motion three years after the expiration of his sentence, to challenge his unlawful imprisonment; he would have to remain in custody indefinitely. Or, if intervening authority would provide a prisoner relief from his conviction or sentence, he would be time-barred after three years from the date of that "intervening authority," even though the authority "would have actually adversely affected the outcome of his conviction or sentence[.]" Therefore, applying the general "catch-all" statute of limitations to a prisoner's claims would violate the spirit of the UPCCRA and the Legislature's specific intention that such claims should not be time-barred.

¶10.    The Mississippi Supreme Court has explicitly stated: "The UPCCRA is unambiguous as it relates to parole revocations. Indeed, it could not be more clear: *it excepts claims of unlawful parole revocation from its three-year limitations period.*" *Edmond v. Miss. Dep't. of Corr.*, 783 So. 2d 675, 678 (¶12) (Miss. 2001) (emphasis added). Additionally, this Court has consistently held that "[a] post-conviction claim alleging unlawful revocation of probation is not subject to the time[-]bar of section 99-39-5(2)." *Leech v. State*, 994 So. 2d 850, 853 (¶9) (Miss. Ct. App. 2008) (citing *Daggans v. State,* 741 So. 2d 1033, 1037 (¶12)

6

(Miss. Ct. App. 1999)). Accordingly, we find that Magee's PCR motion is excepted from the procedural time-bar. Nevertheless, we find no merit to the issues presented by Magee upon review.

¶11.    Here, the circuit court revoked Magee's PRS for Cause No. K-2000-013P (eight years).[5] Magee claims that the circuit court's revocation subjected him to double jeopardy, false arrest, and unlawful imprisonment, as he had been effectively discharged from both PRS sentences. Magee is evidently under the impression that since a petition to terminate his PRS for his 2001 conviction (Cause No. K-2001-094E) was filed with the circuit court, he was also no longer serving his eight years of PRS for the 2000 conviction. However, he has provided no evidence to support this claim. If an appellant does not support his allegations of error with any argument or authority, an appellate court "need not consider the issue." *Small v. State*, 141 So. 3d 61, 69 (¶26) (Miss. Ct. App. 2014) (citing *Jordan v. State,* 995 So. 2d 94, 103 (¶14) (Miss. 2008)). Nothing in the record indicates Magee had been released from his eight years of PRS under Cause No. K-2000-013P. Therefore, we cannot find that his PRS was "unlawfully revoked."[6]

¶12.    Consequently, we also find no merit to Magee's ineffective-assistance-of-counsel

---

[5] There is only one page from the revocation transcript in the record, but the circuit judge specifically stated that he was revoking the eight-year PRS term.

[6] Moreover, a circuit court's reinstatement of a "suspended sentence first levied upon the defendant is proper and is not in violation of the [D]ouble [J]eopardy [C]lause" unless it is for a longer term than the original sentence. *Brunson v. State*, 796 So. 2d 284, 287-88 (¶14) (Miss. Ct. App. 2001).

claim pertaining to his counsel's failure to provide the circuit court with his the petition for the termination of PRS for the 2001 conviction. "A petitioner must produce 'more than conclusory allegations on a claim of ineffective assistance of counsel.'" *McCray v. State*, 107 So. 3d 1042, 1045 (¶12) (Miss. Ct. App. 2012) (quoting *Carpenter v. State*, 899 So. 2d 916, 921 (¶23) (Miss. Ct. App. 2005)).

¶13.    As Magee has not shown he is entitled to any relief, we affirm the circuit court's dismissal of his PCR motion.

¶14.    **THE JUDGMENT OF THE CIRCUIT COURT OF PEARL RIVER COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PEARL RIVER COUNTY.**

**LEE, C.J., IRVING, P.J., ISHEE AND CARLTON, JJ., CONCUR. ROBERTS, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION, JOINED BY GRIFFIS, P.J., MAXWELL AND FAIR, JJ. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.**

**ROBERTS, J., SPECIALLY CONCURRING:**

¶15.    I write separately because I find that Magee's motion for post-conviction relief (PCR) was untimely. On September 5, 2012, Magee filed a PCR motion and claimed that the Pearl River County Circuit Court unlawfully revoked his post-release supervision on July 21, 2009. Because Magee's claim is based on the allegation that his post-release supervision was unlawfully revoked, the three-year time limit for filing a PCR motion does not apply. Miss. Code Ann. § 99-39-5(2) (Supp. 2014). But that does not mean that Magee had an unlimited amount of time to file his unlawful-revocation claim.

¶16.    A PCR motion "shall be filed as an original civil action." Miss. Code Ann. § 99-39-7

(Supp. 2014). No Mississippi statute provides a specific statute of limitations for unlawful-revocation claims. This Court recently held that the catch-all statute of limitations set forth in Mississippi Code Annotated section 15-1-49(1) (Rev. 2012) applies to unlawful-revocation claims. *Fluker v. State*, 2013-CP-00608-COA (¶18) (Miss. Ct. App. 2014). In *Fluker*, this Court held:

> Section 99-39-5(2) does not allow an unlimited period of time for Fluker to file for post-conviction collateral relief. Section 99-39-5(2) specifically reads "[e]xcepted from this three-year statute of limitations," and this refers to the three-year time-bar of section 99-39-5(2). It does not provide Fluker an exception to the three-year statute of limitations in Mississippi Code Annotated section 15-1-49 (Rev. 2012). Otherwise, any prisoner who claims that his conditional release has been unlawfully revoked has no statute of limitations and can bring his claims decades after his revocation. Such is not the case.

*Id*. The majority does not overrule *Fluker*. Instead, it describes the time-bar rationale in that case as "dicta." That there were two equally applicable rationales for the outcome of that case does not mean that one or the other qualifies as dicta.

¶17. Section 15-1-49(1) states that "[a]ll actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after." The circuit court revoked Magee's post-release supervision on July 21, 2009. Magee's unlawful-revocation claim accrued on that day. He had three years from that date to file his claim. Because Magee raised his unlawful-revocation claim in the PCR motion that he filed on September 5, 2012, his claim was untimely. It is appropriate to summarily dismiss an untimely PCR motion. *Jones v. State*, 700 So. 2d 631, 633 (¶6) (Miss. 1997). The circuit court mistakenly found that Magee's PCR motion was untimely under

9

section 99-39-5(2) instead of section 15-1-49(1), but the circuit court reached the right result. I would end the analysis here.

¶18.    With utmost respect, I disagree with the majority's conclusion that the application of the catch-all statute of limitations conflicts with the spirit of the Uniform Post-Conviction Collateral Relief Act (UPCCRA). I believe it conforms with that spirit. Through section 99-39-5(2), the overwhelming majority of PCR petitioners have a limited amount of time – three years from a certain triggering event – to file a collateral attack on their convictions or sentences. But unlawful-revocation claims almost always arise well after three years from the date of conviction or an appellate court's decision to affirm a prisoner's direct appeal.[7] It follows that PCR petitioners who raise unlawful-revocation claims cannot be expected to advance them before the event that triggers them occurs. Even so, no language within the UPCCRA indicates that the Legislature did not intend for us to apply the catch-all statute of limitations that it has enacted. It is illogical to suggest that the vast majority of PCR claims have limited lifetimes, but unlawful-revocation claims are immortal.

¶19.    Public policy supports the concept that prisoners have a limited but reasonable amount of time to raise unlawful-revocation claims. Witnesses, attorneys, judges, court reporters,

---

[7] For example, assume a prisoner pled guilty to manslaughter, and he was sentenced to twenty years in the custody of the Mississippi Department of Corrections (MDOC), with five years suspended and fifteen years to serve, followed by five years of post-release supervision. If he is discharged from MDOC custody and his post-release supervision is revoked sixteen years after he pled guilty, it would be completely nonsensical to expect him to have filed his unlawful-revocation claim within three years of his judgment of conviction for manslaughter. Otherwise, his claim would have expired approximately thirteen years before it arose.

and other essential participants in the revocation process eventually move, quit their jobs, die, or otherwise become unavailable. Records become lost or misplaced, transcripts become unobtainable, and memories fade. As the Mississippi Supreme Court has stated:

> The primary purpose of statutory time limitations is to compel the exercise of a right of action within a reasonable time. These statutes are founded upon the general experience of society that valid claims will be promptly pursued and not allowed to remain neglected. They are designed to suppress assertion of false and stale claims, when evidence has been lost, memories have faded, witnesses are unavailable, or facts are incapable of production because of the lapse of time.

*Cole v. State*, 608 So. 2d 1313, 1317 (Miss. 1992). "It is a well-settled principle that a state may attach reasonable time limitations to the assertion of . . . constitutional rights." *Id*. at 1319. "Furthermore, statutes of limitations speak to matters of remedy and procedure, rather than the destruction of fundamental rights." *Id*. "While it is important that one convicted of [a] crime in violation of constitutional principles should be a[ff]orded relief, it is also important that reasonable diligence be required in order that litigation may one day be at an end." *Id*. at 1320. A reasonable statute of limitations "guards the state's legitimate expectation that it will not be called upon without due cause, to defend the integrity of convictions that occurred many years ago, where records and witnesses are no longer available." *Id*. The same rationale applies to unlawful-revocation claims.

¶20. The majority expresses concern that a prisoner may be held indefinitely with no remedy if he is held more than three years after his sentence has expired. Although such a scenario seems highly unlikely, under those circumstances, a prisoner could still file for a writ of habeas corpus. The UPCCRA did not abolish writs of habeas corpus under Article

11

III, Section 21 of the Mississippi Constitution. *Carson v. Hargett*, 689 So. 2d 753, 755 (Miss. 1996). Mississippi Code Annotated section 99-39-3(1) (Supp. 2014) states that the UPCCRA is the "exclusive and uniform procedure for the collateral review of convictions and sentences." Depending on the scenario, a prisoner's claim that he is being held after his sentence has expired would not be a collateral attack on the validity of his conviction or sentence. Instead, it would be based on his continued allegedly illegal confinement.

¶21. To summarize, I respectfully disagree with the majority's conclusion that no statute of limitations applies to unlawful-revocation claims. I find that the catch-all statute of limitations applies. Notwithstanding my collegial difference of opinion in that regard, I agree with the majority's decision to affirm the circuit court's judgment summarily dismissing Magee's PCR motion. I simply take a slightly different path to reach the same destination.

**GRIFFIS, P.J., MAXWELL AND FAIR, JJ., JOIN THIS OPINION.**